SARAH REECE *vs.* JAMES REECE and wife.

1. A defendant has a right at the return term of a summons in an action to demand of the plaintiff's counsel, his authority for entering an appearance. Rev. Code, ch. 31, sec. 57, Rule 16.

2. If the demand for the power of attorney be made at the return term, it is the practice and within the discretion of the Judge to extend the time ; if however, such demand is not made at the proper time, and before the right to appear has been recognized, it comes too late; unless there be peculiar circumstances tending to excuse the party for not making it in apt time.

Motion to dismiss for want of a power of attorney, heard before Henry, Judge, at Fall Term, 1871, of Watauga Superior Court.

The action was brought in the name of plaintiff to use of Hagerman. The complaint and answer was filed at Spring Term, 1871. At Fall Term, 1871, the defendant filed an affidavit stating that plaintiff's name had been used without authority, and asked for a rule on Hagerman, and the attorneys of record to show cause why the suit should not be dismissed for want of "authority to appear."

His Honor allowed Hagerman's name to be erased. Plaintiff's attorneys insisted that the filing of the complaint and answer at Spring Term without objection, was a sufficient answer to the rule, and that they were not bound at the trial term to show special authority. His Honor held otherwise and ordered the suit to be dismissed.

From this judgment the plaintiff appealed.

*Folk* for plaintiff.
*Dupré* for defendant.

BOYDEN, J. The defendants at the return term had an undoubted right to demand of the plaintiff's counsel their authority for entering an appearance. Rev. Code, chap. 31, sec. 57, rule 16 of that section.

---

SARAH REECE *v.* JAMES REECE.

---

But if this demand for a power of attorney authorizing the counsel to enter an appearance had been made at the return term, it has been the universal practice to give time until the next term to produce and file his power of attorney or authority, and it is within the discretion of the Courut to grant this indulgence.

It has often been ruled on the circuit by the most distinguished Judges in our State, that if this demand is not made in proper time, and before the right to appear has been recognized, the demand comes too late. And this we think the proper rule; unless their are some peculiar circumstances tending to excuse the party for not making the demand in apt time.

But however this may be, parties will not be indulged in such improper practice, as to lie by until the cause is called for trial; and then for the first time, demand this authority, and if not provided at once, insist upon a dismissal of the cause. In our case the defendants had recognized the right of the counsel to appear by answering the complaint they had filed at a previous term, and also by procuring an order to take the testimony of the plaintiff "*de bene isse.*

There is error- This will be certified.

PER CURIAM.                                   Judgment reversed.