HENRY ROWLAND *et al. v.* WILLIAM GARDNER.

When the pleadings have been made up and the case called for trial, it is too late for the defendant to demand of the plaintiff's attorney his authority for appearing.

Under the C. C. P., the failure to join a proper party is an important matter, but the joinder of unnecessary parties, either as plaintiffs or defendants, is immaterial, save only as it may affect the question of costs.

The case of *Rice* v. *Rice,* 66 N. C. Rep. 377, cited and approved.

This was a CIVIL ACTION to recover possession of a tract of land, tried before his Honor, *Henry, J.,* at the Spring Term, 1873, of the Superior Court of YANCEY county.

After answer filed at the trial term, but before the trial, the defendant's counsel moved the Court for a rule upon the plaintiff to produce the authority under which the suit is brought in the name of the heirs of Thomas Wilson, deceased. This motion was overruled, and the defendant's counsel excepted. He then moved the Court to compel plaintiffs to amend their complaint so as to aver the death of Thomas Wilson, and that the plaintiffs, George, Rachel, Mary and Meredith Wilson, are his heirs-at-law, or to dismiss the complaint for not containing averments necessary to entitle the plaintiffs to recover in the action. This mo-

tion was also overruled, and defendant excepted.　Plaintiffs offered a grant dated in 1798 for the land of which defendant was in possession, and produced ía a chain of conveyances showing a perfect title in Thomas Wilson in the year 1840, but did not prove any possession by him since that time. It was proved by the plaintiffs that Thomas Wilson had been absent from the State for forty years and upwards, and that it was generally reported among his relatives in this State that he was dead.　The plaintiffs then offered a deed from George Wilson to the plaintiff, Henry Rowland, dated in 1840, and prove his continuous notorious adverse possession of it until the entry of the defendant upon that portion of it in controversy in 1868.

The defendant's counsel moved the Court to dismiss the suit for a misjoinder of plaintiffs, which motion was refused, and the defendant excepted.　He then moved the Court to compel the plaintiff to elect which of the plaintiffs they would retain, and render a judgment in favor of the defendant for his costs against the others.　This was also refused, and the defendant excepted.　The defendant then offered in evidence a grant from the State dated in 1796 for the land in question, and a deed to himself in 1859, and possession since 1868.　The jury found a verdict for the plaintiff, upon which a judgment was given, and the defendant appealed.

No counsel for the defendant.

*Malone,* for the plaintiffs, cited the case of *Rice* v. *Rice,* 66 N. C. Rep. 377, and referred to the C. C. P., sec. 61.

SETTLE, J.　None of the defendant's exceptions are well taken.

The demand, when the case was called for trial, that the plaintiff's counsel should show his authority for using the names of the heirs of Thomas Wilson as plaintiffs, came too late.　*Rice* v. *Rice,* 66 N. C. Rep. 377.

The objection that there is a misjoinder of parties is of no consequence.

Under our new practice the failure to join a proper party is an important matter, but the joinder of unnecessary parties, either as plaintiffs or defendants, is immaterial, save only as it may affect the question of costs.

The plaintiff, Rowland, after showing a grant from the State in 1798 covering the lands in controversy, and mesne conveyances making a perfect title down to Thos. Wilson, who has been absent from the State from forty to forty-six years, and the general report of his death among his relatives in this State, produced a deed from George Wilson to himself bearing date in 1840, and showed a continuous possession of the part in controversy, open and adverse to all others, from 1840 to the date of the defendant's entry in 1868.

There was color of title, and adverse possession for twenty-eight years, when only seven years were required to ripen into a perfect title.

No error.

PER CURIAM.                          Judgment affirmed.