S. A. RIGHTON, Receiver of JOHN BOND, *v.* WM. D. PRUDEN, Adm'r of H. A. BOND.

Those creditors only, are entitled to the benefit of Supplementary Proceedings under the Code of Civil Procedure, who bring themselves within the provisions of the statute, by instituting such proceedings

*Therefore,* where A obtained a judgment, and alone instituted Supplementary Proceedings against B, and a Reciver was appointed, and before he filed his bond B paid off the judgment, and the Receiver having afterwards filed the requisite bond, brought suit against one C: *Held,* that by the payment of the judgment by B, the Receiver was *functus officio;* and that it was error in the Court below to allow the pleadings to be so amended as to make other creditors parties plaintiffs.

(The case of *Rowland* v. *Gardner,* 69 N. C. Rep. 53, cited and approved.)

SUPPLEMENTARY PROCEEDINGS, under the provisions of the Code of Civil Procedure, sec. 266, heard, upon a *motion* to amend the pleadings and make new parties, before his Honor, Judge *Eure,* at the Spring Term, 1875, of CHOWAN Superior Court.

The facts pertinent to the point decided in this Court at this term, are sufficiently stated in the opinion filed by Justice BYNUM.

The plaintiff having moved to make others than those originally named in the pleadings parties to this proceeding, and his Honor having allowed the motion, the defendant appealed.

*Gilliam & Pruden,* for appellant, cited 15 How. N. Y. Rep. 19; Ibid, pp. 10, 17, 355; Voorhies' Code, 557; and argued, that to terminate Proceedings, the whole debt, principal, interest and costs must be paid. This terminates it. 17 Abott, 315; Vor. Code, 558, note c.

*Presumption* of payment discontinues Special Proceedings. 24 Howard, 135; Vor. Code, 503, note m.

Other parties must positively make themselves *parties of record* before they can take part in proceedings. 21 How.

469; Vor. Code, 572. They can only make themselves par-
ties of record, by instituting Special Proceedings; for they
cannot be made plaintiffs, as only the Receiver can sue.

A Receiver under our statute, represents only those judg-
ment creditors who institute special proceedings. In N. Y.
it is different; he represents *all* creditors.

*Jno. A. Moore,* contra, submitted:

(1.) The Receiver was appointed for the benefit of all the
judgment creditors who had unsatisfied executions, and had
commenced proceedings to enforce their collection. They
were substantially parties, as they filed notice of their claims
immediately upon the appointment of the Receiver. (*Parks*
v. *Sprinkle,* 64 N. C. 637.) Why begin supplementary pro-
ceedings, when they would have to stop as soon as he was ap-
pointed, in *Norfleet* v. *Bond,* or at all events would have to
consolidate their suits?

(2.) The fact that it was satisfied before the filing of the
bond can have no effect, as the property vested in the Receiver
before the bond was filed, and even if it had *never* been—(see
the order in *Norfleet* v. *Bond.*) The property being in *cus-
todia legis,* remained so for all the creditors.

(3.) The objection comes too late, as they should have de-
murred in the beginning, stating the several causes of de-
murrer.

(4.) The amendment asked for was merely to facilitate jus-
tice; in which case the practice is very liberal. C. C. P., sec.
132; *Bullard* v. *Johnson,* 65 N. C. 436; *Bramer* v. *Hawkins,*
Ibid, 645; *Sudderth* v. *McCombs,* 67 N. C. R. 353; *Carlton*
v. *Byers* 71, N. C. R. 331.

(5.) This point is *res adjudicata*—see *Bond* v. *Bond,* 69
N. C. R. 97; *Skinner* v. *Maxwell,* 68 N. C. 400.

BYNUM, J.    Before November, 1870, James E. Norfleet, as
executor, recovered a judgment against John Bond, upon which

an execution was issued and returned unsatisfied. He then instituted supplementary proceedings, under the provisions of C. C. P., sec. 266, alleging as the ground thereof, that Alexander H. Bond was the fraudulent assignee of certain bonds, &c., which were the property of John Bond, the debtor.

On the 26th November, 1870, the plaintiff, Righton, was appointed, in this supplementary proceedings, the receiver of the property of John Bond, the execution debtor, with power to sue for its recovery. Before the appointment of the receiver, other creditors obtained judgments against John Bond, and issued executions, which also had been returned unsatisfied, but they had not instituted supplementary proceedings thereon. As soon as the receiver was appointed, he had notice of these other judgments.

On the 26th November, 1870, after the appointment of the receiver, but before he gave bond or qualified as such, the defendant John Bond, paid the Norfleet judgment, and satisfaction thereof had been entered of record.

After the Norfleet judgment was thus satisfied, the plaintiff filed his bond and was qualified as receiver, and instituted this action against the defendant, A. H. Bond, the alleged fraudulent assignee. These are the facts as they appear by the complaint and answer and case stated.

At the Spring Term, 1875, the plaintiff Righton, moved to amend the pleadings, by joining the other judgment creditors as parties plaintiff. This was resisted by the defendant, but was allowed by the Court, and the defendant appealed to this Court.

As Norfleet was the plaintiff and creditor in the action wherein Righton was appointed receiver, and as these proceedings were instituted by Norfleet, for the single purpose of getting satisfaction on his judgment, it would seem too clear for argument, that when the judgment had been satisfied before the receiver began his suit, that he was proceeding without having a cause of action. The creditor whose suit it was, had

been satisfied, and was out of Court, and the receiver who was his instrument, went with him.

But it is urged that the receiver, by virtue of his appointment, was vested with the property of the defendant, John Bond, and it was his duty as the officer of the Court to obtain and hold it for the benefit of the other judgment creditors, although they had not instituted supplementary proceedings. We do not think this is the proper construction of C. C. P., sec. 266, under which this action was brought. Those creditors only are entitled to the benefits of the supplementary proceedings, who bring themselves within the provisions of the statute, that is, actually institute them. These proceedings are unlike a creditor's bill, where all having claims may come in and prove them, whether due by judgment or simple contract, but they are given to those only who have obtained judgments, had their executions issued and then made the affidavit there prescribed. So that, in this case, if the receiver, having a cause of action, had recovered of the defendant, he would have held the fund for the benefit of those only who have pursued the property by supplementary proceedings. If the other judgment creditors had, like Norfleet, instituted proceedings subsequent to the executions, it would have been the duty of the Judge to notice the fact in the appointment of the receiver who, in that case, under the provisions of sec. 270, C. C. P., would have been the receiver of all who had thus gained a standing in Court. Having failed in this, they have no cause of complaint.

But whether the receiver instituted this suit, with or without a cause of action, the amendment making new parties plaintiff, ought not to have been allowed. The receiver only was authorized by the order appointing him, to begin and prosecute an action. If the action had been properly brought by the receiver, the joinder of other parties would have been immaterial and disregarded as surplusage. *Rowland* v. *Gardner,* 69 N. C. 53, C. C. P., sec. 95. But the receiver had no cause of action, and was, in effect, *functus officio,* by the pre-

vious discharge of the judgment, and the making of new parties, therefore, was the beginning of another action in other rights, which cannot be done in this way.

There is error.

PER CURIAM. Judgment reversed and the action dismissed