D. M. BUIE and wife *v.* THE MECHANICS' BUILDING AND LOAN ASSOCIATION, and W. H. CUMMINGS.

Where, in an action against B, it appeared upon the face of the complaint that A had been formally joined as a party for the purpose of explaining a transaction between himself and the plaintiff, and no demand was made, and no decree asked against him : *It was held,* that this was not such a misjoinder of parties as to be a ground of demurrer; nor could a demurrer to the complaint be sustained on the ground of a misjoinder of causes of action.

(*Rowland et al* v. *Garner et al,* 6% N. C. Rep. 53, cited and approv d.)

This was a Civil Action for an account tried before *Henry, J.,* at Fall Term, 1875, of New Hanover Superior Court.

The complaint alleged :

That on the 11th day of June, 1870, the plaintiffs borrowed of the defendant company the sum of eight hundred and sixty-five dollars ; and on the 16th day of July, 1870, the further sum of sixteen hundred and eighty-five dollars, to secure the payment of which sums, the plaintiffs executed two several mortgages on real estate in the city of Wilmington.

On the — day of July, 1870, the plaintiffs borrowed of the defendant company the further sum of thirteen hundred and seventy dollars, and executed a mortgage to secure the payment of the same. That said mortgages contained a power of sale, in case of default made by the plaintiffs in paying regu--

larly, the dues and interest due the defendant company, or in default thereof to pay the defendant company the several sums secured by said mortgages, with interest thereon from the dates thereof.

That the plaintiffs having made default, the defendants through its agents offered for sale, and sold two of the several parcells of land.

That the plaintiffs paid to the defendant company, large sums of money in satisfaction of said mortgages, how much or when paid, the plaintiffs are unable to state, because the book in which the account of said payments was kept is in the hands the defendant company, and the said company refuses to surrender the same to the plaintiffs.

That the sum for which said property was sold greatly exceeds the amount due upon said mortgages.

That the plaintiff, Mary J. Buie, the party entitled to the surplus, after satisfying said debts with the interest thereon, has demanded in writing an account of the said indebtedness and sales, and the payment of the surplus arising therefrom, which the defendant has failed and refuses to make.

The plaintiffs were permitted to amend their complaint by adding thereto:

That the defendant company by virtue of the power of sale contained in said mortgage deeds, advertised and offered for sale the said real estate, and the plaintiffs fearing that by such sale and foreclosure they would be forever foreclosed from redeeming the same, executed to the defendant, W. A. Cummings, a deed in fee simple for a part of the said real estate, upon an express understanding and agreement that the defendant Cummings should hold the same as security for the amount which he should pay for said property at the sale for foreclosure.

The complaint prayed judgment:

1. For an account of all the payments made by the plain-

tiffs or either of them in satisfaction of said mortgages, and of the proceeds arising from said sales.

2. For such balance as may be found to be due the plaintiffs, upon the said account, together with the cost of this action.

The defendant, W. A. Cumming, filed an answer admitting the conveyance of the property to him, as a security.

The defendant company demured to the complaint upon the following grounds:

1. That two separate and distinct causes of action are joined therein and are not separately stated.

2. For that two separate and distinct causes of action, having no connection with each other, are joined in the said amended complaint, to-wit: a cause of action against the defendant for an account of the trust fund arising from the sale under mortgage, and a cause of action against the defendant, William A. Cummings, to have an absolute deed, declared to be only a security for money.

3. For that this defendant, and the defendant William A. Cummings, are improperly joined therein as parties defendants.

Upon the hearing the demurer was sustained and the action dismissed by the court, and thereupon the defendants appealed.

*A. T. & J. London.* for the appellants.

No counsel *contra* in this court.

Reade J. The plaintiffs allege that they borrowed money of the defendants; gave a mortgage upon certain lands as a security; and subsequently paid back a part of the sum borrowed at different times and in different amounts; how much they do not know, and cannot ascertain, as the book in which the entries were made, is in the hands of the defendants; and that the defendants have sold the lands under the mortgage, and received the price, and that the amount of sales added to

the prior payments is more than the debt due the defendants. And so the plaintiffs demand an account of the trust fund.

The right of a mortgagor, or any other *cestui que trust* to an account of the trust fund is so well settled, that either discussion or authority to sustain it would be out of place.

In an amendment to the original complaint the plaintiffs say, that when the lands were sold they were unable to buy them, and yet they were anxious for one of the tracts, and made an arrangement with the defendant Cummings, to buy it, and to make his title perfect, they made him a deed to the same, as well as the mortgagee did, with the understanding that Cummings should hold the land in trust, to be conveyed to plaintiffs whenever they should reimburse Cummings the amount which he bid for it. And Cummings is made party defendant, but no decree is asked against him. He comes in however, and files an answer, admitting the plaintiff's allegations.

To this the principal defendants demur, because they say, the claim for an account against them, and the claim against Cummings to have an absolute deed declared to be only a security, are two separate and distinct causes of action against separate and distinct persons.

The answer to this is, that no demand is made against Cummings, and no judgment or decree asked for against him. His rights are not litigated, or asked to be adjudicated. There is a mere explanation of a transaction between the plaintiffs and Cummings about the land which the plaintiffs supposed might embarrass them in the taking the account asked for, as without the explanation it might be said, well, if there is any thing due you on account, you have sold it to Cummings and we must account to Cummings. And so the plaintiffs by their amendment, and Cummings by his admissions, show and thereby bind themselves that the conveyance of the land by the plaintiffs to Cummings, had nothing to do with the balance

which might be due plaintiffs upon account with the principal defendants. So there are not two causes of action at all.

As for joining Cunnings with the principal defendants, it is useful to them that it should be done, because the decree will bind him and prevent him hereafter from claiming any balance due the plaintiffs upon taking the account.

And besides, making one a defendant who need not be, is generally immaterial. The increased cost is the only hurt, and that can be adjusted. But to leave out one who ought to be in, is generally fatal, unless amended. *Rowland, et al.,* v. *Gardner,* 69 N. C. Rep. 53.

There is error in sustaining the demurrer. This will be certified.

PER CURIAM.	Judgment reversed.