LEWIS and LUCY LA'FOUNTAIN v. THE SOUTHERN UNDERWRITERS' ASSOCIATION.

*Supplemental Proceedings—Private Corporation—Parties.*

1. Proceedings supplemental to execution lie against a private corporation created by a special act of the legislature and organized for purposes of the private gain of its share-holders.

2. A creditor of such corporation, when the same is insolvent, is not compelled to pursue the remedy provided in Bat. Rev. ch. 26, § 22. (Whether the provisions of that section are mandatory in regard to corporations created under the general law—*Quere?*)

3. Creditors not parties to a supplemental proceeding are not entitled to share in any of the benefits arising therefrom.

(*Righton* v. *Pruden*, 73 N. C. 61, cited and approved.)

MOTION by defendant to dismiss proceedings supplemental to execution, heard at Spring Term, 1878, of WAKE Superior Court, before *Seymour, J.*

The plaintiffs obtained a judgment against the defendant company for $270.30, and execution issued thereon, and was

returned unsatisfied, and thereupon the plaintiffs instituted supplemental proceedings, alleging that the treasurer and managing agent of the company had choses in action and other property which should be subjected to the payment of the judgment. The defendant company was formed and organized under the laws of this State, and had its principal place of business in the city of Raleigh. Upon the hearing of the motion, His Honor gave judgment in favor of defendant and dismissed the proceedings, from which the plaintiffs appealed.

*Messrs. J W. Hinsdale,* and *R. G. Lewis,* for plaintiffs.
*Messrs. Merrimon, Fuller & Ashe,* and *R. C. Badger,* for defendant.

BYNUM, J. The question is,—do proceedings supplemental to execution lie against private corporations created by special acts of the legislature, and organized for purposes of the private gain of its shareholders?

It has been the uniform course and purpose of legislation in creating and regulating such bodies, to assimilate their rights and liabilities to those of *persons,* and it would be a strange oversight if they have not been subjected to as stringent processes of the law, to reach their assets for the satisfaction of their debts. By C. C. P., a corporation or any officer or member thereof may be compelled in supplemental proceedings to answer whether such corporation, officer or member thereof has any property of, or is indebted to, a judgment debtor; and it can hardly be contended that while such corporation or officer of it is thus compellable to disclose the effects and debts due and owing to the debtors of other judgment creditors, it is at the same time exempt from, in like manner, disclosing its property and effects for the benefit of its own creditors, and that its debtors are exempt from accounting for what they owe the corporation

for the benefit of its creditors. Supplemental proceedings are analogous to, and in fact in most aspects, a substitute for the process of garnishment, where an attachment had been sued out under our former system, prior to the Code. There, proceedings in garnishment could be maintained when the judgment debtor was a corporation, and an officer of the company could be· garnisheed for money or property in his hands belonging or due to the corporation. *Everdell* v. *R. R. Co.*, 41 Wis., 395. There is no difference in this respect between natural persons and corporations. *Toledo R. R. Co.* v. *Reynolds*, 72 Ill. 487.

Our attention has been called to chapter 26 of Battle's Revisal, which provides for the formation of private corpo- rations by a general law, section 22, of which provides, that on the insolvency of the corporation ascertained by the return of an execution against it, unsatisfied, and the filing of a complaint by the judgment creditor suggesting the insolvency of such corporation, it may be adjudged to be dissolved and suspended, and its effects applied *pro rata* to the payment of its debts. Without deciding that this section of the act is mandatory and the only remedy for credi- tors of corporations organized under that act, we do not think the creditor of a corporation created, not under that act, but by a special act of the legislature (Laws, 1874-'75, ch. 92) is compelled to pursue that remedy. In *Righton* v. *Pruden*, 73 N. C., 61, this Court held that those creditors only, are entitled to the benefit of supplemental proceedings under the Code, who bring themselves within the provi- sions of the statute by instituting such proceedings. We do not think therefore that creditors of the corporation not parties to this proceeding will be entitled to participate with the plaintiffs in any of the benefits or losses which may re- sult from it.

Error.                                        Reversed.