JONATHAN WOOD and others v. GEORGE W. SUGG.

*Dower—Estoppel—Partition cannot be had of an estate in remainder.*

1. A widow filed her petition for dower which was assigned to her in the land in controversy. In a subsequent proceeding for partition the heirs at law contended that she had forfeited her dower by a second marriage, &c., and upon an issue submitted the jury find that dower had been assigned; *Held* that the court will assume the proceeding in dower to have been regularly conducted, and that the heirs were parties to it and therefore estopped by the judgment therein.

2. Co-tenants in reversion or remainder have no right to enforce a conpulsory partition of land. The petitioner must show that he has an estate in possession whereby he may enjoy the present rents.

WOOD *v.* SUGG.

(*Gay* v. *Stancell*, 76 N. C., 369; *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25; *Hassell* v. *Mizell*, 6 Ired. Eq., 392; *Miller ex parte*, 90 N. C., 625; *Wade* v. *Dick*, 1 Ired. Eq., 313, cited and approved.)

SPECIAL PROCEEDING heard at July Special Term, 1884, of GREENE Superior Court, before *MacRae, J.*

This was a proceeding for sale of land for partition, commenced before the clerk and transferred to the superior court for the trial of issues raised by the pleadings. The facts disclosed by the evidence are as follows:

Jonathan Wood died in 1862, leaving a will by which he devised his entire estate, real and personal, to his wife Emily J. Wood, now Emily J. Lee, during her natural life or widowhood, and then over to his children. His widow qualified as administratrix *c. t. a.*, and administered the personal estate without appropriating any of it to her individual use. She remained in possession of the house and lot in controversy for many years, and then rented it out and received the rents and profits until she sold her interest in the house and lot to Sugg & Exum by deed on February 23d, 1881, and on March 23d, 1883, said Exum sold his interest in the same to the defendant Sugg, who, on February 23d, 1881, also purchased two of the children's shares in said land, the plaintiffs being the only other children, owning one share each as tenants in common, subject to the estate of the said widow.

The said Emily J. Wood, widow, on June 17th, 1866, intermarried with her present husband, Thomas J. Lee, and after said marriage, by proper proceedings, had dower assigned to her, covering the whole of the lot now in controversy. The said land was once sold for taxes and bought in by one Freeman, who was the agent of said Emily J. to rent out the said land. He retained the rents until he was repaid the amount of taxes which he had paid, and then the said Emily J. got the land back. It is not stated in the

testimony whether any deed passed to Freeman for said land, or from Freeman to said Emily J. after he was reimbursed as aforesaid.

The defendant is in possession and resists a sale for division on the ground that plaintiffs cannot have the same in the life-time of said Emily J. Lee, whose estate and possession he now has.

The plaintiffs' counsel asked His Honor to instruct the jury that the said Emily, after enjoying the house and lot during her widowhood, was not after marriage entitled to have dower assigned in the same property. The judge declined this instruction, and rendered judgment on the verdict in favor of defendant, holding that plaintiffs could not in law have a sale for partition in the life-time of said Emily J. Lee, and the plaintiffs appealed.

There were several issues submitted to the jury, one of which was—"Did Emily J. Wood have dower assigned to her on the land described in the pleading? to which the jury responded, "yes."

*Messrs. Faircloth & Allen* and *Geo. M. Lindsay,* for plaintiffs.
*Messrs. H. F. Murray* and *W. C. Munroe,* for defendant.

ASHE, J. The plaintiffs contend in the court below that Emily J. Wood, the widow of the testator, Jonathan Wood, by her marriage had forfeited her dower, and requested the judge so to charge. In this court they contended that the widow had lost her right of dower by not dissenting from the will of her said husband within six months after the probate thereof, but this point does not seem to have been taken below, and therefore is not the subject of consideration here.

But to give the plaintiffs the benefit of both their contentions, they cannot avail them.

The record shows that the widow Emily, after her mar-

riage with her present husband, Thomas J. Lee, filed her petition for dower in the lands of her first husband, and the land in controversy was assigned to her as dower. The plaintiffs were the children and heirs-at-law of her said husband, Jonathan Wood, and claim that, after the determination of the freehold interest of said Emily by her second marriage, they have a right to the immediate possession of the land as tenants in common with the defendant Sugg, who, by purchase from two of the heirs, was seized with two undivided shares in the same.

But the defendant insists that there never has been any determination of this life estate of said Emily; that by purchase from her he is the owner of her interest, and that the plaintiffs are only entitled to two undivided shares of land in remainder, after the death of Emily J. Lee; and having no seizin or right of possession, they are consequently not entitled to a partition or sale of the land for the purpose of partition. This position taken by defendant, we think, constitutes a valid defence to the plaintiffs' petition.

Upon the issue submitted to the jury—"Did Emily J. Wood have dower assigned to her on the lands described in the pleadings? the jury responded in the affirmative. We must therefore assume that the proceedings in dower were had regularly according to the practice of the court, and that the plaintiffs who are heirs-at-law were parties to the proceeding. *Wade* v. *Dick*, 1 Ired. Eq., 313. When that is so, they are estopped by the judgment in the proceeding for dower. The decision in *Gay* v. *Stancell*, 76 N. C, 369, is conclusive upon this point. There, it is held that "where a fact has been decided in a court of record, neither of the parties shall be allowed to call it in question and have it tried over again as long as the judgment stands unreversed; therefore, in an action to recover the possession of a tract of land which had been allotted to her (the widow) as dower

in an action theretofore had between herself and the plaintiffs (the heirs); *it was held* that the plaintiffs were estopped by the judgment in the former action."

This settles the question as to Emily's right of dower, and renders immaterial the inquiry whether she had forfeited her right of dower by her marriage with Lee, or by having failed to dissent from the will of her first husband within six months.

The defendant Sugg, by means of the several conveyances set forth in the record, became the owner of her life estate, and by purchasing the interest of two of the four heirs of Jonathan Wood, he became, by the merger of a moiety of the life estate of his two undivided shares of the remainder, the owner in fee simple of an undivided half of the land, and the owner of an estate for the life of Emily J. Wood in the other moiety owned by the plaintiffs. In other-words, the defendant is the owner of one moiety in fee simple, and the plaintiffs are the owners of a moiety of the remainder.

At the common law, parceners only were compellable to make partition by a writ of partition, but the benefit of that writ was extended to joint-tenants and tenants in common by the statute of 31 and 32 HENRY VIII. By the former statute, none but tenants of the freehold who had estates of inheritance could have partition, and only against tenants of the freehold. By the latter, tenants for life or years might have partition, but not to affect the reversioner or remainderman. The essential provisions of these statutes are still in force in this state, with only a modification of the remedy. In 1787 an act was passed by the general assembly which gave to tenants in common of real estate the petition for partition, in place of the ancient writ of partition. Act 1787, ch. 274, § 1, (brought forward in the Revised Statutes and Revised Code). The construction put upon this statute is, that it applied only to such co-tenants

as had seizin where the estate was freehold, but had no application to reversioners or remaindermen. *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25; *Hassell* v. *Mizell*, 6 Ired. Eq., 392. And in so holding this court has followed the English decisions in construing the statute of HENRY VIII. Our act of 1787 has made no change in the principles of law applicable to partition, but has only changed the remedy.

Mr. FREEMAN in his work on Co-tenancy says: It is a general rule prevailing in England without exception, and also throughout a majority of the United States, that no person has the right to demand any court to enforce a compulsory partition, unless he has an estate in possession ; one, by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the co-tenants thereof, § 446. The same doctrine is announced and maintained in 1 Wash. on Real Property, ch. 13, § 7, sub-div. 7.

In New York it has been held that proceedings in partition can be instituted only by a party who has an estate entitling him to immediate possession. *Brownell* v. *Brownell*, 19 Wend. 367. See also *Miller ex parte*, 90 N. C., 625.

In New Hampshire it is held : "To maintain a proceeding for partition the applicant must show a present right of possession," 36 N. H., 327. And again, that "one who is interested with others in a remainder or reversion, after an estate of freehold, cannot maintain a petition for partition of the lands in which he is so interested." 8 N. H., 93.

We might multiply authorities, but we deem those cited are sufficient to show that the principle is well established, that co-tenants in remainder or reversion have no right to enforce a compulsory partition of land in which they have such estate.

By the act of 1812, ch. 847, jurisdiction was given to courts of equity to order the sale of lands for partition, when an actual partition could not be made without injury to some of the parties ; but it was held to apply only to

such cases where partition might have been made at law. *Maxwell* v. *Maxwell,* and *Hassell* v. *Mizell, supra.* Now, by the act of 1808-'9, ch. 122, § 12, and THE CODE, § 1903, jurisdiction is given to the clerk of the superior court of the county where the real estate or some part thereof lies.

We are of opinion there is no error in the judgment of the superior court.

No error.                                    Affirmed.