Y. T. ORMOND, exr., v. THE CONNECTICUT MUTUAL LIFE
INSURANCE COMPANY.

(Filed 10 October, 1907).

1. **Issues, Form of.**

No particular form is prescribed by law for issues, and when
those submitted by the Court substantially and clearly present
the issues raised by the pleadings they are not open to objection.

2. **Parties—Beneficiaries of Litigated Fund.**

The joinder of unnecessary parties, either plaintiff or defend-
ant, is immaterial, save only as it may affect the matter of costs;
and when, upon application of the defendant, parties defendant
are made who are beneficiaries of a fund in litigation, it is best,
for the due administration of justice, that they should be before
the court when the title to the fund is settled.

3. **Same—Assignment of Interest—Insurance—Policies.**

To effect an assignment of a policy of insurance, no particular
form of words is essential, and such results when there is sub-
stantially a transfer, actual or constructive, with the clear intent
at the time to part with all interest in the thing transferred with
a full knowledge by the transferer of his rights.

4. **Same—Declarations—Assignment of Policy—Cancellation—Paid-
up Policy—Evidence.**

Declarations of plaintiff's testator indicating that he did not
care to pay premiums on a policy of insurance on his life any
longer, and that he "turned over" the written policy and interest
therein to his four children named, who agreed to and did pay
the premiums thereafter, are competent evidence against the
executor. And letters written by the insured to the insurance
company, practically directing the company to cancel the policy
and to issue a separate paid-up policy to said children, naming
them, are clear proof of an assignment or surrender of all the
testator's interest therein, when the testimony is not conflicting.

CIVIL ACTION, tried at May Term, 1907, of the Superior
Court of LENOIR County, before *Long, J.,* and a jury.

Plaintiff sues to recover one-fifth of a policy of insurance
on the life of his testator, issued by defendant. The Court
submitted the following issues:

"1. Did the plaintiff's testator, * * * after the death
of his wife, relinquish any rights and interest he might have

had in the policy from his wife and surrender said policy to his children, to be kept alive for their benefit, as alleged in the answer?" Ans. "Yes."

"2. Did the defendants, Hyatt, Luce and E. L. Miller, agreeably to such an understanding with A. R. Miller, keep alive the said policy and pay the premiums accruing thereon from year to year and until the death of A. R. Miller (plaintiff's intestate), as alleged in the answer?" Ans. "Yes."

From the judgment rendered plaintiff appealed.

*Y. T. Ormond* and *George V. Cowper* for plaintiff.

*W. S. O'B. Robinson* and *F. H. Busbee & Son* for defendant.

BROWN, J.   The evidence in this case tends to prove that, in 1868, plaintiff's testator, A. R. Miller, insured his life in the defendant company in the sum of $10,000 for the benefit of his wife, Delia M. Miller, and their four children, Sybil Hyatt, E. L. Miller, Maude Luce and W. R. Miller. In 1884 Mrs. Delia M. Miller died intestate, leaving her husband, A. R. Miller, and the four children above named. No administration was granted upon her estate. In 1903 W. R. Miller assigned his interest in the policy to Mrs. Sybil Hyatt, and soon thereafter died, before the death of A. R. Miller. In June, 1905, A. R. Miller died, leaving a will, in which Mrs. Luce was named as residuary legatee. The policy was presented to the insurance company for payment by the three children and by Mrs. Hyatt as assignee of W. R. Miller, and the amounts due were paid by the company, as appears by the receipts and releases of the beneficiaries. The rights and interest of A. R. Miller having been relinquished and surrendered, as claimed, to the four children, the company paid to them as beneficiaries the amount of the policy in full, without deduction. The plaintiff brings this action, as executor of A. R. Miller, to recover one-fifth of the amount of the policy, alleging that the interest of Mrs. Delia M. Miller in

the policy had not been relinquished or surrendered to the other beneficiaries by Dr. Miller, the insured, who, it is admitted, acquired such interest upon the death of his wife, in 1884.

1. The objection made by the plaintiff to the form of the issues submitted by the Court to the jury is without merit. No particular form is prescribed by law, and if the issues submitted substantially present the issues as raised by the pleadings they are not open to objection. *Mace v. Insurance Co.,* 101 N. C., 122. The issues submitted in this case are so formulated that they clearly express the controverted facts alleged on the one side and denied on the other.

2. Upon application of the defendant company, the Court, some time before the trial, entered an order making the beneficiaries, to whom the insurance company had paid the policy in full, parties defendant, to which plaintiff excepted. The beneficiaries themselves take no exception to the order of the Court making them parties. It possibly may be, as contended by the plaintiff, that they are not, strictly speaking, necessary parties. They certainly are not improper parties, and it is doubtless best for the due administration of justice that they should be present before the court when the title to the fund is settled. Under our practice, the failure to join a necessary party is an error, to which exception may be properly taken. But the joinder of unnecessary parties, either as plaintiffs or defendants, is immaterial, save only as it may affect the matter of costs. *Rowland v. Gardner,* 69 N. C., 53.

3. It is contended by appellant that the evidence, in any view of it, fails to establish an assignment of A. R. Miller's interest in the policy to his four children, to whom the company paid the full amount of the policy. No particular form of words is essential to effect an assignment or surrender of a policy of insurance. An assignment is substantially a *transfer,* actual or constructive, with the clear intent at the time to

part with all interest in the thing transferred and with a full knowledge of the rights so transferred. May on Ins., secs. 388, 390; *Winberry v. Koonce,* 83 N. C., 351.

The declarations of plaintiff's testator, which are clearly competent against his executor, indicate that he did not care to pay the premiums any longer, and that he "turned over" the written policy and his interest in it to his four children, hereinafter named, who agreed to pay the premiums thereon, and that after that the testator paid no further premiums. We think the two letters signed by the testator, dated 30 November, 1890, and 13 April, 1893, written to the insurance company and received by it in due course of mail, are clear proof of an assignment or surrender of all of the testator's interest which he then had in the policy to his four children. In the letter of 13 April, 1893, the testator practically directs the company to cancel the policy and to issue "a separate paid-up policy, the amount being divided into four equal parts and made payable to the following individuals: Mrs. Sybil Hyatt, Kinston, N. C.; Mrs. Maude Luce, Galesville, Wis.; E. L. Miller, Leanna, Kan., and W. R. Miller, Kinston, N. C. You can send them here, to my care, or to the above addresses, as you think best."

The evidence shows that the written policy was delivered to Dr. Hyatt, the husband of Mrs. Sybil Hyatt, one of the children, for the benefit of testator's four children, and there is no evidence that, up to his death, he exercised any control over it or claimed any interest in it. We think there is abundant evidence to be submitted to the jury that the two letters to the company were written by the testator or by his direction and authority, and that the plaintiff's exception on that ground is untenable. Upon a review of the whole record, we are of opinion that the case has been fairly tried, and that there is

No Error.