SPRING GREEN CHURCH v. MANSFIELD THORNTON ET ALS., TRUSTEES.

(Filed 21 February, 1912.)

1. **Trusts and Trustees—Religious Societies—Partition.**

   Lands held by trustees under a deed from the Shiloh Association of churches for certain declared school purposes, which association has subsequently increased in the number of churches, and the school has been incorporated by the Legislature in an act recognizing the trusts set out in the deed, cannot be divided by the churches in proceedings for partition, for such would be subversive and destructive of the trusts declared.

2. **Trusts and Trustees—Religious Societies—Appointment of Trustees—Control.**

   The only manner in which the Shiloh Association of churches may exercise any control of the property held by the trustees under its deed declaring certain trusts, is by the election of trustees at the meeting for that purpose regularly held under the legislative act of its incorporation. *Kerr v. Hicks*, 154 N. C., 265, cited and applied.

3. **Trusts and Trustees — Religious Societies — Trusts Declared— Powers of Sale—Purposes.**

   The provisions in the deed in trust to the trustees of the "Shiloh Association" of churches, that the trustees have "the rights and privileges of selling and mortgaging the property herein conveyed whenever they are required and requested to do

so by the association," is construed to apply only to selling and mortgaging the trust estate in pursuance and furtherance of the trusts declared, and not for the purpose of partition.

4. **Trusts and Trustees—Religious Societies—Trust Estates—Cotenants—Possession—Partition.**

The individual churches of the Shiloh Association hold no such interest in the trust estate declared by their deed in trust as to make them cotenants therein and permit a division of it in proceedings for partition thereof; nor have they the possession, a necessary element in maintaining such proceedings.

5. **Trusts and Trustees—Religious Societies—Failure of Trustee—Equity.**

The courts, in their equitable jurisdiction, would not permit the trusts declared in the deed of the Shiloh Association of churches to fail for the want of a trustee; and if these trusts are considered for charitable purposes, the courts, under proper conditions, would appoint trustees from time to time, under Revisal, sec. 3923.

APPEAL by defendants from *Cline, J.,* at January Term, 1912, of WARREN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*T. T. Hicks for plaintiff.*

*Tasker Polk, Andrew J. Harris, and Thomas M. Pittman for defendants.*

CLARK, C. J. In 1871, a voluntary association known as "Shiloh Association" was formed by several Missionary Baptist churches for colored people. In 1883 the association purchased land for $2,500 and established a school called "Shiloh Institute." Considerable additional money from individuals, and from the churches composing the association, has since been raised by donations from time to time and put in improvements and repairs upon said property. The deed for the property when purchased was executed to certain trustees appointed by said association, and recited, "upon the trust that they, the said parties of the second part, and their successors in the said office of trustee aforesaid, duly qualified and appointed by the said association, shall hold the said property herein conveyed

for said association, to be used under the direction and management of the said parties of the second part as trustees aforesaid and their successors, for the purpose of establishing and maintaining a school of general learning, and for any other proper and legal purpose which the association may deem best; and the said parties of the second part and their successors to have the right and privilege of selling and mortgaging the property herein conveyed, whenever they are required and requested to do so by the association."

Said "Shiloh Institute" was incorporated, Private Laws 1891, ch. 321, which created said trustees a body politic and corporate and specified that they are to "have and to hold the buildings, grounds, and all appurtenances embraced in the deed." This act was amended, Private Laws 1903, ch. 49, by increasing the number of trustees to nine and by providing that three of these were to be elected by the "Shiloh Association" every year; and they have been so elected ever since. The number of churches belonging to the association has increased to fifty-eight, several of which were not members of the association in 1883.

In *Kerr v. Hicks,* 154 N. C., 265, the Court held that such trustees elected by the churches present at a meeting held at the regular time and place duly designated by the last regular meeting were the duly elected trustees under the terms of the constitution of this association, and not those elected at a meeting held at a time and place not so authorized, though in the latter meeting a majority of the churches were represented, while at the regular meeting there was a minority of the whole number represented.

This is a proceeding by three of the churches in said association, asking for a sale of the property for partition. The other alleged cotenants are not made parties. This misconceives the nature of the tenure of the property, which, as specifically recited in the terms of the deed above set out, is that the property is to be held by said trustees and their successors "for the purpose of establishing and maintaining a school of general learning and for any other proper and legal purpose which the association may deem best." The "other proper and legal purpose," it would seem, should be construed as "of the same gen-

eral nature and kind" as the main trust recited. It is true that the trustees have the *"right and privilege* of selling and mortgaging the property herein conveyed whenever they are required and requested to do so by the association." This also means in pursuance and furtherance of the trust to maintain a school of general learning. If, however, the association can change the general nature of the trust, this could be done only by a majority vote at a regular meeting, and the complaint does not aver this. *Kerr v. Hicks, supra.* It could not abolish the trust, to which others have contributed funds.

Under the acts of incorporation of the institute procured by the association, the powers of the latter are limited to the election of the trustees from time to time as therein specified. In effect, the association raised a fund with which it purchased property and appropriated it to be held by trustees to maintain and establish a school of general learning. The unincorporated association held no actual property interest therein and can exercise no other control over it than through the medium of the election of the trustees who are to manage said trust. If through such trustees the association should procure the sale of the property, whether it could divide the proceeds might then come up for adjudication. But no individual church can ask the courts to order a sale for partition.

The individual churches are not incorporated and have no rights in the property which are the subject of partition among them. It does not appear what sum was raised by each of the respective churches and there is no basis for the allegation of a cotenancy by the several churches in the property. Certainly one or more of the churches cannot at will defeat the action of the association by calling for a sale and division of the property. That would destroy the trust.

If the individual churches were tenants in common they could not procure an order for partition, for they are not in possession. *Clemmons v. Drew,* 55 N. C., 314; *Wood v. Sugg,* 91 N. C., 93; *Osborne v. Mull, ib.,* 207.

Even if the individual churches should be held the *cestuis que trustent,* that would not entitle them to compel partition. *Nichols v. Nichols,* 67 Am. Dec., 712; 30 Cyc., 190, sec. 3, and notes.

There is no analogy to the sale of a mill for partition, because of the inherent difficulties of the cotenants operating it "turn about." *Holmes v. Holmes,* 55 N. C., 336. In that case there was no trust and the property was run for the division of the profits among the cotenants. Nor is the case analogous to the division of church property upon a division of the church. *Smith v. Swormstedt,* 57 U. S., 388; *Diocese v. Diocese,* 102 N. C., 447. Here the property is held by incorporated trustees and the association is not the beneficiary of the trust, which is for the benefit of the colored youth, but occupies the position of supervising the trust through its power to elect the trustees, and there has been no division of the association calling for a division of the trustees to the respective fragments of a former association.

If the association itself should disband the duty would devolve upon the courts, under Revisal, 3923, to provide, if this is a charity (and if not, then under the general equity jurisdiction of the courts), for filling vacancies among the trustees as they shall occur from time to time, so that the trust may not fail. Or the General Assembly might, in such case, amend the act of 1903 which provides for the method of electing trustees.

The demurrer that the complaint does not state a cause of action should have been sustained.

Action dismissed.