THE BOARD OF TRUSTEES OF HENDERSON GRADED SCHOOLS AND
    THE BOARD OF EDUCATION OF VANCE COUNTY v. CITY OF
    HENDERSON.

(Filed 6 March, 1929.)

1. **Municipal Corporations — Contracts and Franchises — Assignment or
    Surrender—Rights of Parties Under Surrender.**

    Where under an ordinance in the nature of a contract a water corpora-
    tion receives from a city a franchise upon condition that it furnish water
    free to the city for certain public purposes including the public schools
    not owned by the city, but under the control of trustees of its graded
    schools and the board of education of the county, and by agreement be-
    tween the city and the water company the former takes over the property
    of the latter, and conducts the business: *Held,* in effect the transaction
    is a surrender of the franchise by the water company, and not an assign-
    ment, and the schools cannot claim the right from the city for a free
    water supply.

2. **Same—Notice and Rights of Parties Receiving Benefits Under Fran-
    chise Before Surrender.**

    Where a city by ordinance contract imposes on a water company the
    requirement of furnishing water free to the graded schools operated there-
    in, and the city thereafter acquires the plant by a surrender of the fran-
    chise: *Held,* under the facts of this case, fair dealing requires the city
    to give the school authorities reasonable notice of its intention to charge
    the schools for water furnished them, and the city may collect only for
    water furnished after such notice.

APPEAL by plaintiffs from *Midyette, J.,* at October Term, 1928, of
VANCE. Modified and affirmed.

The parties waived a trial by jury and agreed that the judge should
find the facts which should be as conclusive and binding upon all parties
as if submitted to and found by a jury.

The material facts are as follows: The city of Henderson is a munici-
pal corporation. The Henderson Water Company is a corporation cre-
ated by the General Assembly. In 1901 the Henderson Township Graded
School District was established. Private Laws 1901, ch. 91. In 1892
the defendant granted to the assignors of the Henderson Water Com-
pany a franchise for forty years to construct, maintain and operate a
system of waterworks and to supply water for fire and other purposes.
This franchise was conferred by an ordinance enacted by the defendant
and was in the nature of a franchise contract. Afterwards it was
accepted by the grantees as provided in section 18 of the ordinance.
Section 9 contained this provision: "Water shall be furnished free of
charge for churches, public schools, town offices, market-houses, for city
use and all of the town offices now in use or to be erected."

The defendant purchased the Henderson Waterworks from the Henderson Water Company pursuant to a contract and a deed appearing in the record, but not under the ten-year period or by appraisal as provided in the franchise. The schools were not parties to the purchase by the city, but the purchase was made as a compromise of litigation between defendant and the Water Company. No election was ever held in the city of Henderson on the question of furnishing free water for the schools; and bonds in the sum of $390,000 were issued by the city of Henderson for the purchase of this property and improvements. The defendant keeps all money derived from the waterworks in a separate fund in compliance with C. S., 2809, and it is set aside for the improvement of the extension of the water system only. There are nine public schools in the Henderson School District, of which five are located within the corporate limits of the city and four outside the city. Some children outside the city attend the schools within the corporate limits. It was found further by the presiding judge that the defendant contracted with the Henderson Water Company for the purchase of its physical property as shown by the contract, and that the water company in pursuance of the contract delivered to the defendant a deed conveying certain real and personal property. The public schools within the city are not owned or operated by the defendant. As a conclusion of law his Honor held that the defendant is entitled to collect and recover of the plaintiffs for water used in the schools within the city in 1927, $898.49, and in 1928, $798.91, making a total of $1,697.40, with interest thereon as provided in the judgment, and adjudged that the restraining order be dissolved.

Judgment was rendered for the defendant and the plaintiffs excepted and appealed upon assigned errors, which are referred to in the opinion.

*McCoin & Montague and Thomas M. Pittman for plaintiffs.*
*J. H. Bridgers, I. B. Watkins and Perry & Kittrell for defendant.*

ADAMS, J. In 1892 the defendant enacted an ordinance granting to A. H. McNeal and others, their associates, successors and assigns, for a period of forty years an exclusive franchise to supply water to the inhabitants of the city for fire purposes and other public uses on prescribed terms. In section 9 of the ordinance it was stipulated that the grantors should furnish water free of charge to churches, public schools, and other designated institutions, "now in use or to be erected." In 1909 the Henderson Water Company, successor of these grantees, contested the validity of this provision on several grounds, but failed to maintain its position. See *Water Co. v. Trustees*, 151 N. C., 171. The Water

Company thereafter complied with its contract in this respect until, in pursuance of a written agreement made 24 June, 1926, it surrendered its franchise and sold its property to the defendant by a deed dated 12 July, 1926. The plaintiffs contend that by virtue of its contract with the defendant it is still bound to furnish the schools with water free of charge. In determining the controversy we are concerned, not with matters which are incidental, but with those only which are raised by the appellants' exceptions.

It is first contended that the limitation in the second finding of fact that the defendant contracted with the Water Company for the purchase of its physical property is inaccurate, because the contract includes property which is incorporeal. If this is true, how is it prejudicial to the plaintiffs? The franchise of 1892 was granted by the city and was expressly surrendered to the city under the contract and deed of 1926. With its franchise surrendered the Water Company could not exercise the "exclusive right and privilege" which the ordinance conferred, and it sold its property to the defendant "free from all claims, liens, encumbrances and liability whatsoever." The ordinance, which was contractual in its nature, was in effect repealed with the express consent of the Water Company, and is not enforceable by either party. 43 C. J., 563, sec. 888; *Wood v. Seattle,* 52 L. R. A., 869.

This conclusion necessarily disapproves the position that the defendant is still bound to the performance of the franchise-contract executed in 1892. The plaintiffs were not parties to that contract; and the parties themselves limited the duration of the franchise to the time during which the ordinance should be in force.

It is not denied that the franchise-contract was binding on the associates, successors, and assigns of the original grantees, and that its terms could be enforced so long as the contract itself continued, but the decision in *Water Company v. Trustees, supra,* does not profess to determine the rights either of the plaintiffs or of the parties after the surrender of the franchise and the defendant's purchase of the property. The Water Company's "surrender" of its franchise to the defendant was not synonymous with a transfer to its "associates, successors, and assigns." Such a construction is altogether inconsistent with the manifest purpose and spirit of the contract and the deed which were executed in 1926.

The use of the property described in these instruments and purchased by the defendant does not necessarily involve the continued use of the franchise which was surrendered, and which neither of the parties intended thereafter to exercise. *Wood v. Seattle, supra,* p. 391. The case of *Ormond v. Ins. Co.,* 145 N. C., 140, cited by the appellants, dealt

44—196

with the question whether an insurance policy had been relinquished or surrendered to other beneficiaries. It is not authority for the position that the assignment or transfer of a franchise-contract to the grantee's associates, successors and assigns is synonymous with the surrender of the franchise to the body by which it was granted.

The principle that a third person, even though a stranger, may enforce a promise made for his benefit is not available to the plaintiff in a contract of this character by which the franchise is surrendered and the contract is terminated by consent of the parties.

In one respect, however, we think the judgment should be modified. As the defendant imposed upon the grantees of the franchise an obligation to furnish water to the schools free of charge, the plaintiffs may have permitted the use of the water by the schools on the assumption that the defendant, though not legally required to do so, would recognize the obligation. Conceding that the defendant was technically under no such obligation, we are of opinion that the ends of justice would more nearly be met by allowing a recovery only for such water as was furnished after notice was given of the defendant's purpose to make a charge. The amount adjudged to be due from August, 1926, to August, 1927, will therefore be stricken from the judgment and as thus modified the judgment will be affirmed.

Modified and affirmed.