E. N. MOORE AND WIFE, FLORENCE W. MOORE, H. B. MOORE AND WIFE, ESTHER R. MOORE, BETH MOORE HUNTER (WIDOW), SALLIE H. LEGGETT AND HUSBAND, L. W. LEGGETT, ELIZABETH HYMAN (UNMARRIED), EMILIE HYMAN (UNMARRIED), W. E. HYMAN AND WIFE, HILDA E. HYMAN, AND E. P. HYMAN AND WIFE, BESSIE E. HYMAN, v. MARTHA NORMAN (PATTIE) BAKER (WIDOW), SALLIE BAKER EVERETT AND HUSBAND, B. B. EVERETT, AND JOHN B. CHERRY AND SUSIE HYMAN BOWDEN.

(Filed 24 March, 1943.)

**1. Partition § 4b—**

Proceedings for the partition of land do not ordinarily place the title at issue, and unless the title is placed at issue, petitioners are not required to prove title as in an action for ejectment.

**2. Partition § 4a—**

A tenant in common is entitled to a compulsory partition, and to enable said tenant to maintain a proceeding for such partition he must have an estate in possession, or the right of possession. The possession need not be actual. The actual possession may be in a life tenant. C. S., 3234.

**3. Partition § 4b—**

    Where tenants in common allege that they are the owners of land and
seized of the fee simple title thereto, the law presumes possession.

**4. Partition § 4a:  Pleadings § 16a—**

    In a petition for partition of land, alleging that petitioners and defend-
ants, except John B. Cherry, are tenants in common and owners of, and
are seized in fee of the lands therein described, an additional statement
that Cherry is in wrongful possession of some part of the land is insuffi-
cient to oust jurisdiction and a demurrer thereto should have been over-
ruled.

**5. Partition § 4a—**

    The presence of a party in a partition proceeding, not shown to be a
necessary party, is immaterial except as affecting costs.

APPEAL by plaintiffs from *Frizzelle, J.,* at August Term, 1942, of
HALIFAX.

This is a special proceedings instituted before the clerk of the Superior
Court of Halifax County, N. C., 4 February, 1942, for the partition of
certain lands.

It is alleged that the petitioners and the defendants are now tenants
in common and are the owners of and are seized in fee simple of the
lands referred to in the petition, except the defendant John B. Cherry,
and that the petitioners are informed and believe that the said John B.
Cherry is now "in possession of some part of said lands, to which posses-
sion he is not entitled."

Defendants Martha Norman (Pattie) Baker, Sallie Baker Everett and
B. B. Everett demurred to the petition on the ground that the court
has no jurisdiction, in that the interest of John B. Cherry is not set
out and it is affirmatively stated in the petition that said defendant is
now in possession of part of the said land, to which possession he is not
entitled.

On 28 July, 1942, the clerk of the Superior Court entered judgment
sustaining the demurrer.

On appeal from the clerk, his Honor sustained the demurrer, for that:
"The court is without jurisdiction due to an improper joinder of
(a) parties, and (b) causes of actions."

His Honor held that since in his opinion the Court is without jurisdic-
tion, and having sustained the demurrer on that ground, the second cause
of demurrer, to wit, "That the complaint does not in law state a cause
of action," is not before the Court.

From the judgment sustaining the demurrer, plaintiffs appeal to the
Supreme Court, assigning error.

*I. T. Valentine and Wilkinson & King for plaintiffs.*
*Irwin Clark and R. O. Everett for defendants.*

24—222

DENNY, J. Prior to the enactment of chapter 214, sec. 2, of the Public Laws of 1887, C. S., 3234, cotenants in remainder or reversion had no right to enforce a compulsory partition of land in which they had such estate.

A tenant in common is entitled to a compulsory partition, and to enable said tenant to maintain a proceeding for such partition he must have an estate in possession, one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the cotenants thereof. 40 Am. Jur., sec. 28, p. 22. The possession need not be actual. The actual possession may be in a life tenant, but that is no longer a bar to a proceeding for partition instituted by tenants in common, who are remaindermen or reversioners. Under the above statute, tenants in common are deemed to be seized and possessed as if no life estate existed. But the actual possession of the life tenant cannot be disturbed so long as it exists. The tenants in common, however, have the immediate right of possession, subject only to the termination of the life estate. *Priddy & Co. v. Sanderford,* 221 N. C., 422, 20 S. E. (2d), 341.

The petitioners herein allege that the petitioners and the defendants, except John B. Cherry, are tenants in common and are the owners of and are seized in fee simple of the tracts of land described in the petition.

The demurring defendants contend that the affirmative statement in the petition, that John B. Cherry is in the possession of some part of the lands described in the petition and that the possession is wrongful, is sufficient to oust the jurisdiction of the court, and that this proceeding cannot be maintained until an action in ejectment against Cherry is instituted and the tenants in common have actual possession of all the land sought to be partitioned. They further contend that an allegation of possession in the petitioners is essential to give the court jurisdiction in partition proceedings, citing *Alsbrook v. Reid,* 89 N. C., 151. In *Alexander v. Gibbon,* 118 N. C., 796, 24 S. E., 748, the decision of this Court on that question is succinctly stated in the syllabus of the case, as follows: "There is no statute or judicial ruling in this State which makes an allegation of possession vitally essential to a petition for partition, except the decision in *Alsbrook v. Reid,* 89 N. C., 151, which case is overruled on that point."

The appellees also cite the case of *Church v. Trustees,* 158 N. C., 119, 73 S. E., 810, and rely upon the following statement therein: "If the individual churches were tenants in common they could not procure an order for partition, for they are not in possession. *Clemmons v. Drew,* 55 N. C., 314; *Wood v. Sugg,* 91 N. C., 93; *Osborne v. Mull, ibid.,* 203." The facts in that case are distinguishable from those in the instant case.

There the legal title of the property sought to be partitioned was in the trustees. Where tenants in common allege they are the owners of land and seized of the fee simple title thereto, the law presumes possession. *Alexander v. Gibbon, supra.* In the case of *Church v. Trustees, supra,* plaintiff did not claim to have the title to the property; in other words, the Church had neither an estate in possession nor the right of possession, and the cases cited therein involving real property were cited in support of that position. Otherwise, the cases would not have been in point, for at the time the case was decided cotenants in reversion or remainder had been given the right to have a compulsory partition of lands. C. S., 3234.

We come now to consider the allegation relative to the wrongful possession of John B. Cherry. The allegation is insufficient to convert this action into an action for ejectment and may therefore be treated as surplusage, except as affecting costs. This Court said in *Baggett v. Jackson,* 160 N. C., 26, 76 S. E., 86: "The presence of the other defendant, Jackson, if not shown to be a necessary party by the petition, was immaterial except as affecting costs. *Ormond v. Ins. Co.,* 145 N. C., 142." There, as in the instant case, the petition alleged Jackson was in wrongful possession and had no interest in the land. He was a son of Mrs. M. A. Baggett by a former marriage, was living with his mother on the premises and he and his mother were in possession of all the land while his mother was entitled only to a dower interest in the land.

Proceedings for the partition of land do not ordinarily place the title at issue, and unless the title is placed at issue, petitioners are not required to prove title as in an action for ejectment. *Talley v. Murchison,* 212 N. C., 205, 193 S. E., 148; *Baugham v. Trust Co.,* 181 N. C., 406, 107 S. E., 431; *Buchanan v. Harrington,* 152 N. C., 333, 67 S. E., 747.

It was intimated in the argument before this Court that the defendant Cherry named in the petition, may not have been served with process. There is nothing in the briefs or in the record to support the suggestion that the J. B. Cherry actually served is not the John B. Cherry named in the petition; hence, we do not consider the question before the Court.

The demurrer should have been overruled.

Reversed.