PER CURIAM.
In a suit brought in Chancery by the State of Florida, by J. Edwin Larson (State Treasurer), Richard W. Ervin (Attorney General), and Ray E. Green (Comptroller), as and constituting the Florida Securities Commission, plaintiff, vs. Investors Mortgage Corporation, a Florida corporation, and Joe H. Byrnes and Thurbert Hilliker, defendants, we have an appeal by Wilbert R. Canning, as Receiver for Investors Mortgage Corporation, appellant, vs. E. S. Norton and Betty L. Norton; Edith C. Bishop; and Livingston D. Ecceiston and Florence B. Ecceiston, appellees. The record on appeal consists of a Petition for Instructions filed by the Receiver; a Stipulation between the Receiver and the appel-lees here, which Stipulation was approved by the court; and a subsequent Petition for Instructions, wherein the Receiver contended (1) that certain judgments held by the appellees did not constitute liens against the corporation’s property in the hands of the Receiver, and (2) that the funds derived from the sale of the property and deposited in the registry of the court (as substitute security pursuant to the aforesaid Stipulation) should not be paid to the judgment creditors. The court entered an Order adverse to the Receiver’s position, and this appeal ensued.
We are compelled to accept the position of the appellees; that is, that the record here does not show the facts necessary to establish the existence of the question presented by the appellant. The record does not show the filing date of the suit which resulted in the Receivership; nor does it show the reason or time of appointment of the Receiver, his powers and duties, and the parties to the action. There are other instances where the record on appeal does not substantiate essential facts necessary to support appellant’s statement of the case and the facts involved. The points involved cannot be determined without these facts.
The order appealed comes here under a presumption of correctness. The *738 burden is on the appellant to make reversible error appear. The order was entered based upon facts which, at least in part, do not appear in the record on appeal. The order must be affirmed. See Dean v. Marineways, Inc. of Fort Lauderdale, Fla.App.1962, 146 So.2d 577.
Affirmed.
SMITH, C. J., and ALLEN and SHANNON, JJ., concur.