188 So.2d 21 (1966)
The CITY OF SOUTH BAY, a Florida Municipal Corporation, Appellant,
v.
Larry Earl ARMSTRONG, Appellee.
No. 616.
District Court of Appeal of Florida. Fourth District.
June 21, 1966.
John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
John R. Williams, of Blank & Davis, West Palm Beach, for appellee.
*22 PER CURIAM.
Larry Earl Armstrong, plaintiff, brought suit against the City of South Bay, a municipal corporation. The court ordered Count II of the complaint severed with leave to proceed by separate action and required the defendant to plead to the severed cause within ten days after service of a copy of the severed complaint. The city moved to dismiss the severed complaint on the grounds that it constituted a new suit and that process was not served upon the city as required by Florida Rules of Civil Procedure, 1.3(c) 30 F.S.A.
The court denied the city's motion to dismiss and this interlocutory appeal was taken. The record furnished by the parties on appeal contains certain pleadings and orders from the severed suit as well as the original suit. We feel, however, that the record is insufficient for us to make a determination of the issue presented, namely, whether the court has jurisdiction over the defendant in the case appealed.
The city argues that it is not under a duty to submit a record to show that jurisdiction was not acquired by the lower court when there is nothing in the record presented which demonstrates that jurisdiction was obtained. The plaintiff's position is that it is the party who raises the error on appeal who has the burden of establishing the facts upon which the error is grounded. We agree.
The burden of establishing error is always on the appellant. An order or decree comes to the appellate court clothed with a presumption of correctness, and before there will be a reversal the appellant must present facts to clearly demonstrate error. Canning v. Norton, Fla.App. 1963, 155 So.2d 737; Southern National Bank of Fort Walton Beach v. Young, Fla.App. 1962, 142 So.2d 788. The duty is upon the appellant to bring to the appellate court the proper record of facts upon which the errors assigned are based. Best v. Barnette, Fla.App. 1961, 130 So.2d 90.
Jurisdictional defects resulting from defects in process or service of process will not be considered by the appellate court unless such defects are contained in the record. Assignments of error on denial of motion to quash summons and process have been held to be not reviewable when the facts upon which the motion was grounded are not shown by the record. Johnson Publishing Co., Inc. v. Davis, 1960, 271 Ala. 474, 124 So.2d 441; Moore v. Baker, 1943, 222 N.C. 736, 24 S.E.2d 749.
There are two ways that jurisdiction of the city could have been obtained in the severed case. Additional service of process could have been made or, in the alternative, appropriate copies of the record in the original case, including a showing of valid service of process, could have been encompassed in the record of the severed case, i.e., see F.S. § 46.08, F.S.A. The record presented to this court contains neither a showing that the appropriate records of the original case were not brought into the record of the severed case nor a record evidencing a lack of process. Without this record we are unable to consider the validity of the order denying the city's motion to dismiss.
Affirmed.
SMITH, C.J., and ANDREWS and WALDEN, JJ., concur.