Battle, J.
 

 The defendant was indicted for selling spirituous liquor to a slave contrary to the statute in such case made and provided. The alleged offense was found to have been committed on the 10th day of October, 1855, at a time when the testimony, which the State was able to produce, was not sufficient, in law, to justify a conviction. The 90th section of the 84th chapter of the Revised Code, which was enacted at the session of the General Assembly held in 1854, but was not to go into operation until the first day of January, 1856, provides as follows: “ Every species of unlawful trading with a slave, which is forbidden by this chapter, shall, when done by the agent or manager of another in the course of the business in which he is employed, be deemed to have been done by the consent and command of his principal or employer, unless the contrary be proved,” &c. Upon the finding of the facts set forth in the special verdict, the Attorney General contends that by the effect given to the evidence by this section, the guilt of the defendant is clearly established, while it is insisted for the defendant that, as to him, the enactment is an
 
 ex post facto
 
 law, and therefore void, both by the 24th section of our Bill of Rights, and by 10th section of the 1st Article of the Constitution of the United States. We. are entirely satisfied that the objection taken by the defendant’s counsel is valid, and that if the section of the 34th chapter of the Revised Code to wlijch we have referred, were intended to operate upon cases liké the present, (which may well be doubted,) it is an
 
 ex post facto
 
 la\v within the meaning of the Constitution. "What such a law is, we are not left now to ascertain. In the early case of
 
 Calder
 
 v.
 
 Bull,
 
 3 Dallas 386, (1 Curtis 269,) before the Supreme Court of the United States, Mr. Justice Chase defined an
 
 ex post facto
 
 law, within the
 
 *11
 
 view of the Constitution, to be as follows: “ 1st. Every law that makes an action clone before the-passing of the law, and. which was innocent when clone, -criminal, and. punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was before it was committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony than-the law required at the time of-the commission of the offence, in order to convict the offender.” The prohibitory clause of the Constitution of the United States, of which this was an .exposition, is in these words :
 
 “
 
 No bill of attainder or
 
 ex post facto law
 
 shall be passed : Art. 1, sec. 9, clause 3- This prohibition applied to Congress, and in the first clause of the next succeeding section, (10) asimilar one was applied to each State. Before the adoption of the Federal Constitution, the 24th section of our Bill of Rights had declared,
 
 “
 
 that-retrospective laws punishing facts committed before the existence of such laws, and by them only declared criminal, are oppressive, unjust and incompatible with liberty, wherefore, no
 
 ex post facto
 
 law ought to be made.” The definition given by Judge Ci-iase of an
 
 ex post facto
 
 law within the purview of the Constitution of the United States, has been adopted by the most eminent jurists and •writers on American Law. 1 Kent’s Commentaries 409; 3 Story’s Com. on the Constitution 212. It seems to have been sanctioned by this Court as equally applicable to the term as used in our Bill of Rights;
 
 Dickinson
 
 v. Dickinson, 3 Murp. Rep. 327. The propriety of the first three parts of the definition is so obvious, that no intelligent mind can be found to dispute it. A very little reflection will' satisfy the candid enquirer, that 'the fourth part is within the spirit, if not so manifestly within the letter, of the prohibitory clause in question. In a judicial enquiry, no allegation can be taken as a
 
 fact,
 
 unless it be admitted or proved. Unproved, it is the same as if it did not exist. Hence the maxim
 
 ele non appcvrentibus et de non existentibus eaclem est ratio.
 
 If, then, a person be charged with
 
 *12
 
 the commission of an act which can be proved by “testimony only of a particular kind or grade, and afterwards a law is passed for the purpose of admitting less testimony, with the view to make a conviction more easy, surely the alleged offender will be just as liable to be unjustly punished, as he would be under either of the other meanings of ah
 
 ex post faeto
 
 law. The case of treason, in which two witnesses to the same overt act, or confession in open Court, are necessary to a conviction, may afford an instructive example of how much a person, obnoxious to government, would be exposed to oppression, if a subsequent law could dispense with one witness or a confession in open Court. Such laws were sometimes passed in the Mother Country, prior to our Revolution, and we have strong reasons for believing that they were in the contemplation of those patriots and statesmen, who, in much wisdom, framed our State and Federal Constitutions. Ve are satisfied then, that a law which alters the legal rules of evidence, and receives less, or different testimony than the law required at the time of the commission of the offense, in order to convict the offender, is an
 
 ex post facto
 
 law, within the prohibition of the Constitution. It does not follow by any means, that a law which merely changed the mode of proceeding, would be liable to the same objection. The Legislature may lawfully change the remedy, but cannot, by any subsequent act, interfere with the offense, so as put in greater peril the alleged offender. The judgment in favor of the defendant, upon the special verdict, was right, and must be affirmed.
 

 Pisk CukiaM. Judgment affirmed.