### STATE v. R. H. DENTON.

(Filed 13 December, 1913.)

1. **Intoxicating Liquors—Criminal Law—Search and Seizure Act—Recorder's Court—Jurisdiction.**

The recorder's court of Edgecombe County has jurisdiction over offenses committed under the act of 1913, ch. 44, known as the "search and seizure act," relating to intoxicating liquors, etc., making the possession of certain specified quantities of the various kind *prima facie* evidence of guilt.

2. **Intoxicating Liquors—Criminal Law—"Search and Seizure Act"—Prima Facie Case—Ex Post Facto Laws.**

Where the defendant, under a proper warrant, has been found with sufficient quantity of intoxicating liquor in his possession to make out a *prima facie* case of the violation of chapter 44, Laws 1913, known as the "search and seizure act," fourteen

days after the statute had become effective, he may not success-
fully resist conviction on the ground that the law was *ex post
facto*, as to his case, having had ample time to rid himself of
the possession of the liquor after the operative effect of the
statute.

WALKER and ALLEN, JJ., dissent as to the jurisdiction of the
recorder's court, and concur as to second proposition.

APPEAL by defendant from *Lyon, J.,* at June Term, 1913, of
EDGECOMBE.

Criminal proceeding. The defendant was convicted and sen-
tenced to twelve months on the roads, and appeals.

*Attorney-General Bickett and Assistant Attorney-General
Calvert for the State.*

*F. S. Spruill, H. A. Gilliam for defendant.*

BROWN, J. Under the Search and Seizure Act of 1913, a
warrant was sworn out against the defendant, charging him
with having in his possession, for the purpose of sale, 29 bar-
rels of whiskey, 71 half-pints, and 38 quarts of corn whiskey.
The action was originally tried in the recorder's court of Edge-
combe County, and, upon conviction, the defendant appealed to
the Superior Court.

In the Superior Court the evidence disclosed that under a
proper search warrant a lawful officer found concealed in dif-
ferent parts of the livery and feed stables of the defendant a
large quantity of whiskey in quart, pint, and half-pint bottles,
all of which was claimed by the defendant as his own.

There was no evidence of any sale by the defendant, nor by
any one in his presence, nor by any one to his knowledge; but
there was evidence of sale by another upon the premises of the
defendant.

It further appeared that all of this whiskey was shipped into
the State of North Carolina and delivered to the defendant
prior to 1 April, 1913.

The whiskey was found in defendant's possession 17 April,
1913. The Search and Seizure Act of 1913, ch. 44, contains
these provisions:

"SEC. 9. That this act shall not apply to any act committed prior to its ratification.

"SEC. 10. That this act shall be in force from and after the first day of April, 1913."

"Ratified 3 March, 1913.

1. The first point pressed by the learned counsel for the defendant is that the recorder's court had no jurisdiction, and that the defendant should have been indicted in the Superior Court and tried upon such bill.

We are of opinion that this question has been settled at least by a majority of this Court by repeated decisions adverse to such contention. *S. v. Lytle,* 138 N. C., 738; *S. v. Dunlap,* 159 N. C., 491.

2. It is assigned as error that the court instructed the jury: "Upon the foregoing facts the court stated that he would hold that the Search and Seizure Law of 1913 applied to this case, and instructed the jury that the possession of liquor in the quantity as testified to constituted a *prima facie* case, and that if they should find beyond a reasonable doubt the facts to be true, and should further find purpose of sale, then they should return a verdict of guilty, but otherwise they should return a verdict of not guilty."

The form and phraseology of this charge is in complete conformity to what is said in *S. v. Wilkerson, ante,* 431, and *S. v. Russell, ante,* 482. But the learned counsel contends that the court erred in applying the rule of evidence prescribed in the statute to this case, and that under the facts the law as to this defendant is *ex post facto.*

We do not think this position is tenable. A statute is *ex post facto* which by its necessary operation and in its relation to the offense or its consequences alters the situation of the accused to his disadvantage. *Thompson v. Missouri,* 171 U. S., 386; *Thompson v. Utah,* 170 U. S., 343.

At the time this offense occurred, that is, when the liquor was found in defendant's possession, the law had been in force seventeen days. The statute by express language does not apply to

acts committed prior to its ratification, which was on 3 March, 1913. The record does not show that this liquor was acquired prior to that date.

In any event the defendant had full opportunity to get rid of his liquor, which he could have done by shipping it out of the State between the ratification of the act and the date it was found in his possession.

It was his own folly that he continued to retain it in violation of the statute.

No error.

WALKER and ALLEN, JJ. We do not agree to the proposition that a judgment of imprisonment, with power to work on the public roads, is legal, under our Constitution, without the intervention of a grand jury; but a majority of the Court having heretofore decided otherwise, we concur in the result in this case.