STATE v. JOE TOLER.

(Filed 18 April, 1928.)

**1. Criminal Law—Criminal Negligence—Instruction as to Statute Enacted After Offense Held Error—Manslaughter.**

The statute requiring those driving automobiles to keep on the right-hand side of the center of the highway went into effect 1 July, 1927, and upon the trial for manslaughter, for the negligent killing of a pedestrian occurring prior to that time, it is reversible error for the judge to instruct the jury as to this requirement for their consideration in reaching a verdict under evidence tending to show the defendant's violation thereof.

**2. Same—Proof of Ordinance of State Highway Commission.**

An ordinance of the State Highway Commission as to the safety of the road, when bearing upon the question of the defendant's guilt under an indictment of manslaughter arising from the alleged negligent driving on the State highway, must be properly introduced in evidence in order to support an instruction thereon by the judge.

CRIMINAL ACTION before *Stack, J.,* at December Term, 1926, of CASWELL.

The defendant was indicted for manslaughter for the negligent killing of Jordan Edwards, with an automobile owned and operated by the defendant. The killing occurred on 2 December, 1926. The defendant was convicted and sentenced to the State's prison at hard labor for not less than five nor more than seven years, from which judgment he appealed, assigning errors.

*Glidewell, Dunn & Gwynn for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

BROGDEN, J. The trial judge charged the jury as follows: "The law also requires that in the use of these highways we shall go to the right-hand side, keep to the right of the center of the highway, except in passing or exceptional cases; but, in the general rule you must keep to the right of the center of the highway; and if you violate that regulation it is a misdemeanor." The court further charged: "The State has offered evidence tending to show that the defendant was traveling on the wrong side of the road; that the deceased was walking on the left of the center of the highway; and, on this point I charge you that the law requires a pedestrian to walk on the left-hand and not on the right-hand; this requirement of going on the right-hand applies to vehicles; and pedestrians or people on foot are required by law to go

31—195

on the left-hand side. The reason is you can see the cars coming on your side and if those coming from the rear will observe the law they will pass you; so, the law is that the pedestrian must walk on the left of the center of the road and there is evidence tending to show that the deceased was on the left of the center of the road."

In instructing the jury that the law required drivers of automobiles to keep on the right-hand side or to the right of the center of the highway, the trial judge evidently had in mind section 9, chapter 148, of the Public Laws 1927. This law, however, did not go into effect until the first of July, 1927. But the defendant is charged with committing the crime of manslaughter on 2 December, 1926, or some months prior to the time when the statute became effective. In other words, at the time of the killing it was not an unlawful act for the driver of an automobile to fail to "keep to the right of the center of the highway." While it is true that the defendant was not indicted for a violation of the traffic law, yet the record discloses that the violation complained of was presented to the jury as an element upon which conviction for manslaughter would be warranted. The exception to such instruction is sustained. *S. v. Bond,* 49 N. C., 9; *S. v. Bell,* 61 N. C., 76; *S. v. Denton,* 164 N. C., 530.

The second instruction to the jury to the effect that the law required a pedestrian to walk on the left-hand and not on the right-hand was based upon section 29 of certain ordinances passed by the State Highway Commission under authority of Public Laws 1923, chapter 160. The identical section was referred to by the Court in *Radford v. Young,* 194 N. C., 747. This ordinance of the State Highway Commission was neither proven nor introduced in evidence so far as the record discloses. It does not come within that class of legislative enactments of which the courts will take judicial notice. *Durham v. R. R.,* 108 N. C., 399; *S. v. R. R.,* 141 N. C., 846. At least, if such ordinance has been enacted by the highway commission or contained in any printed pamphlet, there should have been some evidence showing that the ordinance had been duly enacted, or that it had been printed in a pamphlet by authority of the highway commission.

For the error specified, we are of the opinion that the defendant is entitled to a

New trial.