MARY LOUISE MacRAE and CHARLES B. MacRAE v. COMMERCE
    UNION TRUST COMPANY, CHARLES B. MacRAE, JR., AND MARY
    CARTER MacRAE,
                    (Filed 12 November, 1930.)

1. Trusts D a—Laws of North Carolina held to govern power of revocation of trust settlement in this case.

    Where the daughter of a British subject takes property absolutely from the trustees under his will upon her marriage, and marries in North Carolina, executing in this State a deed of settlement in trust, without consideration, for beneficiaries of this State, upon certain con-

tingencies: *Held,* the *lex loci contractu* governing the marriage settlement is that of North Carolina and controlled. by the provisions of our statutes as to its revocation. C. S., 996, as amended by Laws of 1929.

**2. Trusts A d—Trust in this case held to be voluntary trust.**

Where a woman receives property without restriction from her father's estate and executes a deed in marriage settlement in trust without consideration, the deed is a voluntary trust in contemplation of C. S., 996, as amended by the Public Laws of 1929.

**3. Trusts D a—In this case held: trust was voluntary and remainder over was contingent, and trustor had the right of revocation under C. S., 996.**

In order to come within our statute governing the revocation of a marriage settlement made in trust, it is required that the trust be voluntary, for the benefit of the trustee or some one *in esse* with a future contingent interest limited to some one not *in esse* or not determinable until the happening of a certain event, and to revoke the deed of trust, if recorded, it is required that the deed of revocation be recorded: and *Held,* where a woman executes a trust deed of settlement upon her marriage for the benefit of her children who may be born of the marriage, depending upon their reaching a certain age, the trust interest subject to be changed by her during her life, after the birth of children, their interests do not *ipso facto* become vested, and she may revoke the trust upon giving a sufficient deed to that effect and in compliance with the statute.

APPEAL by defendants from *Sink, Special Judge,* at July Special Term, 1930, of BUNCOMBE.

Civil action to revoke a voluntary trust.

It appears from the complaint:

1. That the *feme* plaintiff, the daughter of an English subject, entitled to receive from the trustees of her father's estate a large amount of personal property, when she arrived at the age of 21 years, or married,. duly filed a petition in the English Court of Chancery, asking permission to settle her said property under the provisions of "The Infant's Settlement Act, 1855," upon or in contemplation of her marriage to Charles B. MacRae, of Asheville, North Carolina, which said marriage took place 22 December, 1925, while the said petitioner was still an infant, 19 years of age.

2. That agreeably to the order entered upon said petition, and with the approval of the English Court of Chancery, the plaintiffs herein, on 13 December, 1926, executed to the Commerce Union Trust Company, defendant herein, a "Deed of Settlement," under the terms of which the plaintiffs placed with the said defendant, in trust, all the personal property received by the *feme* plaintiff from her father's estate.

3. That under the terms of the said deed of settlement, the property mentioned therein is to be held by the trustee and the income derived therefrom paid to the *feme* plaintiff during her lifetime, and after her

death, the trustee is directed to pay over the trust fund to such one or more of the *feme* plaintiff's children or remoter issue as she shall by deed or will appoint, and in default of any such appointment, the trustee is directed to turn over the trust fund to such of the *feme* plaintiff's children as being male attain the age of 21 years, or being female attain that age or marry under it.  The right to revoke said trust deed is expressly reserved to the *feme* plaintiff, under certain conditions, if and when she attains the age of 30 years.  She has not yet reached that age.  This action was brought within three years after she attained her majority.

4. That the defendants, Charles B. MacRae, Jr., age 3, and Mary Carter MacRae, age 1, are children of the plaintiffs herein.

5. That the plaintiffs are now desirous of revoking said deed of settlement, and to that end have duly executed a deed of revocation and tendered same to the trustee, but the trustee declines to surrender the trust property as demanded, contending that since the birth of issue to the *feme* plaintiff the said deed of settlement is irrevocable.

From a judgment overruling a demurrer, interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, and granting the relief sought, the defendants appeal, assigning error.

*J. M. Horner, Jr., for plaintiffs.*
*Alfred S. Barnard for defendant Trust Company.*
*J. C. Cheesborough, guardian ad litem, for defendants, Charles B. MacRae, Jr., and Mary Carter MacRae.*

STACY, C. J.  The determinative question is whether the interests created by the limitations in the deed of settlement to the *feme* plaintiff's children or remoter issue are vested or contingent.  We think they are contingent.

It is provided by C. S., 996, as amended by chapter 305, Public Laws 1929, *inter alia,* that any grantor, maker or trustor who has heretofore created or may hereafter create a voluntary trust estate in real or personal property for the benefit of himself, or any other person *in esse,* with a future contingent interest to some person or persons not *in esse,* or not determinable until the happening of a future event, may, at any time prior to the happening of the contingency vesting the future estates, revoke the grant of the interest to such person or persons not *in esse,* or not determinable, by a proper instrument to that effect; provided in case the instrument creating such estate has been recorded, the deed of revocation shall likewise be recorded to make it effective.

To bring a case within the terms of this statute, it should appear:
First, that the trust is a voluntary one; second, that it was created for

the benefit of the trustor, or some person *in esse,* with a future contingent interest limited to some person not *in esse,* or not determinable until the happening of a future event; and, third, that if the instrument creating the trust has been recorded, the deed of revocation has likewise been recorded. *Stanback v. Bank,* 197 N. C., 292, 148 S. E., 313.

It is not seriously questioned but that the trust created by the present deed of settlement is a voluntary one. The *feme* plaintiff was in no way obligated, under her father's will, to keep her share of his estate in trust. Her right to receive it became absolute upon her marriage. The approval of the English Court of Chancery was apparently for the protection of the English trustees. The instrument was executed without consideration.

That the interests of the *feme* plaintiff's children are contingent, rather than vested, will appear, we think, from the following provisions in the trust deed:

"4. After the death of the wife the trustee shall stand possessed of the capital and income of the trust fund upon trust to assign, transfer, pay over and deliver the trust fund to all or such one or more exclusively of the others or other of them of the children or remoter issue of the wife . . .. at such age or times . . . as the wife shall, by any deed or deeds revocable or irrevocable or by will or codicil appoint and in default of and subject to any such appointment upon trust to assign, transfer, pay over and deliver the trust fund to all or any of the children or child of the wife . . . who being male attain the age of twenty-one years or being female attain that age or marry under it and if more than one in equal shares. . . .

"6. The trustee shall after the death of the wife apply the whole or such part as they in their discretion shall think fit of the income of the share in the trust fund to which any child or remoter issue of the wife shall for the time being be entitled in expectancy . . . towards his or her maintenance, education or benefit. . . .

"7. During such suspense of absolute vesting as aforesaid the trustee shall accumulate the surplus (if any) of the income," etc.

It will be observed that the *feme* plaintiff is not limited in the exercise of the power of appointment to her children, but these she may exclude altogether, and name some remoter issue; and should she die without exercising the power of appointment, none of her children could presently take the property under the above limitations.

Therefore, tested by the criterion of present capacity to take effect in possession, should the possession for any cause become vacant, the interests of *feme* plaintiff's children would seem to be contingent rather than vested. *Ziegler v. Love,* 185 N. C., 40, 115 S. E., 887; 23 R. C. L., 502.

The plaintiffs have duly executed a deed of revocation and tendered the same to the trustee.

Thus it would seem, with the trust a voluntary one and the ultimate beneficiaries taking a future contingent interest and the execution of a proper instrument revoking the trust, that the plaintiffs are entitled to the benefit of the statute. *Stanback v. Bank, supra.*

It is further suggested that as the trust agreement was executed in North Carolina, with all those interested therein residents of this State, the rights of the parties are to be determined by the *lex loci contractus* (31 C. J., 1001); and as the feme plaintiff was an infant at the time of the execution of the agreement, under our law, she is at liberty to disaffirm the same. *McCormick v. Crotts,* 198 N. C., 664; *Collins v. Norfleet-Baggs,* 197 N. C., 659, 150 S. E., 177. But with the holding that the instrument in question comes within the purview of C. S., 996, as amended, it seems unnecessary to rely upon this additional circumstance, though it may be advanced in support of the judgment.

Affirmed.