LILLIAN WYLDE MacMILLAN v. BRANCH BANKING & TRUST COMPANY, as Trustee, RICHARD CONROY and the Unborn Children and Undetermined Heirs at Law of LILLIAN WYLDE MacMILLAN.

(Filed 20 May, 1942.)

**1. Trusts § 9—Upon facts established, plaintiff held entitled to revoke voluntary trust.**

Plaintiff executed a voluntary trust in personalty with direction that the income therefrom be paid to her for life and upon her death the trust estate be distributed to her surviving children, and in the event plaintiff should die without issue, the trust estate be paid to a named beneficiary

if living and if he were not then living then to plaintiff's heirs generally. Plaintiff has no children and executed an instrument in writing revoking the trust upon the payment of a specified sum to the only beneficiary of the remainder *in esse*, who consented to the revocation of the trust upon the payment to him of the amount agreed. *Held:* Under the provisions of C. S., 996, plaintiff is entitled to the revocation of the trust.

**2. Same: Constitutional Law § 18—**

The statute enabling the trustor of a voluntary trust to revoke the same as to contingent beneficiaries prior to the happening of the contingency does not affect vested rights and is constitutional. C. S., 996.

**3. Trusts § 9: Courts § 14—**

Where the trustor of a voluntary trust becomes a resident of this State, and the trustee is a North Carolina corporation, and the *situs* of the trust estate is in North Carolina, the rights of the parties in the premises, including the right of revocation, are governed by the law of this State.

**4. Trusts § 9—**

The waiver of the right of revocation by the trustor of a voluntary trust is without consideration and does not preclude trustor from exercising her right to revoke under C. S., 996.

Appeal by defendant Bank & Trust Company from *Bone, J.,* at March Term, 1942, of CUMBERLAND. No error.

This was an action to validate the revocation of a voluntary trust agreement, in accordance with the provisions of C. S., 996, as amended.

Issues were submitted to the jury and answered as follows:

"1. Is the trust which the plaintiff is seeking to revoke, under the provisions contained in Consolidated Statutes, 996, a wholly voluntary trust created from the assets belonging wholly to the plaintiff and for which she received no consideration, as alleged in the complaint? Answer: 'Yes.'

"2. Has the plaintiff ever had, or does she now have, any children, either natural or adopted? Answer: 'No.'

"3. Are the plaintiff and Richard Conroy the only determined or determinable beneficiaries of this trust, as alleged in the complaint? Answer: 'Yes.'

"4. Is there an agreement between the plaintiff and the defendant, Richard Conroy, under the terms of which Richard Conroy agrees to the revocation of the trust, and the plaintiff agrees that he be paid $5,437.89 out of the trust funds, as alleged in the complaint? Answer: 'Yes.' "

From judgment on the verdict, declaring valid the revocation of the trust agreement, and authorizing and directing defendant Bank & Trust Company as trustee, after paying defendant Conroy the amount agreed, to deliver the trust estate to the plaintiff.

Defendant Bank & Trust Company appealed.

12—221

*Shaw & Shaw and Edward B. Hope for plaintiff, appellee.*

*Connor & Connor, Finch, Rand & Finch, and Rose & Lyon for defendant Branch Banking & Trust Company, Trustee, appellant.*

Devin, J.   The only question presented by this appeal is whether the plaintiff had the power to revoke the grant contained in a voluntary trust agreement previously executed by her without consideration.

The North Carolina statute declaring the conditions under which a trust agreement may be revoked is C. S., 996, as amended by ch. 305, Public Laws 1929.   From this we quote the following pertinent provision: "The grantor, maker or trustor who has heretofore created or may hereafter create a voluntary trust estate in real or personal property for the use and benefit of himself or of any other person or persons *in esse* with a future contingent interest to some person or persons not *in esse* or not determined until the happening of a future event may at any time, prior to the happening of the contingency vesting the future estates, revoke the grant of the interest to such person or persons not *in esse* or not determined by a proper instrument to that effect. . . ."

The material facts shown by plaintiff's evidence were these:   The plaintiff, whose maiden name was Lillian Wylde Fraser, formerly resided at Henley-on-Thames, England.   In 1936 she voluntarily and without consideration executed a trust agreement creating a trust estate in personalty, designated as the Lillian Wylde Fraser trust, and subsequently, in 1937, in her then name of Lillian Wylde Maquisten, she executed an amended trust agreement, conveying to the Harris Trust & Savings Bank, an Illinois corporation, as trustee, the trust estate, consisting of intangibles and cash, in trust for the following purposes: to invest and reinvest the fund and pay the income therefrom to the plaintiff during her natural life, and upon her death distribute the trust estate to her surviving children.   In the event the plaintiff should die without issue the trust estate was directed to be paid to the defendant Richard Conroy, a resident of the State of California, if he was then living, and, if not, to plaintiff's heirs general.   In the instrument creating the trust the plaintiff reserved the right, upon notice to the named trustee, to appoint a successor trustee.   In accord with this provision the plaintiff thereafter appointed the Title Guaranty & Trust Company of New York as successor trustee, and subsequently 2 January, 1942, appointed defendant Branch Banking & Trust Company, Trustee, and to this last named trustee all the assets of the trust estate were transferred.   The plaintiff is now the wife of John Elliott MacMillan, and is a resident of Southern Pines in Moore County, North Carolina, and the Branch Banking & Trust Company is a North Carolina corporation with one of its places of business in Cumberland County, North Carolina, where the

entire *corpus* of the trust estate is now held. All the funds included in the trust were plaintiff's own property, inherited from her mother. Plaintiff has no children, natural or adopted. The plaintiff has executed an instrument in writing revoking the trust agreement and terminating the trust, the defendant Conroy having consented thereto upon the payment to him of the amount agreed.

It is apparent that by the facts shown in evidence, and established by the verdict, plaintiff has brought her case squarely within the provisions of the enabling statute. Having heretofore created a voluntary trust estate in personalty, for the use and benefit of herself with a future contingent interest in persons not *in esse* whose contingent interests are not determinable until the happening of a future event, the plaintiff has now in accord with the statute revoked the grant with the consent of the only other person now in being. *Durner v. Hood,* 207 N. C., 856, 175 S. E., 717; *MacRae v. Trust Co.,* 199 N. C., 714, 155 S. E., 614.

The constitutionality of the statute was upheld in *Stanback v. Bank,* 197 N. C., 292, 148 S. E., 313. Mere expectancies of future contingent interests provided for persons not *in esse* do not constitute vested rights such as would deprive the Legislature of the power to enact the statute authorizing revocation of a voluntary grant.

Since the plaintiff, who is the creator and life beneficiary of the trust, is a resident of North Carolina, and the trustee is a North Carolina corporation, and the *situs* of the trust estate is in North Carolina, the rights of the parties in the premises are governed by the law of the State in which the essential elements of the trust are located. *Hutchinson v. Ross,* 262 N. Y., 381, 187 N. E., 65, 89 A. L. R., 1007; *Wilmington Trust Co. v. Wilmington Trust Co.,* 24 Atl. (2d), 309.

While the trustor, in the amended trust agreement of 1937, waived right of revocation, this was without consideration, and did not preclude her from exercising her rights under the statute. The statute makes no distinction in this respect, and no limitation upon the right of the trustor under the conditions enumerated, except that it be exercised before the happening of the contingency upon which future estates would vest. The only living person to whom a future contingent interest was granted has expressly consented to the revocation. Doubtless the plaintiff, due to changed conditions incident to her marriage, deemed it proper to make a change in the provisions of the trust.

The only exception was to the judgment. The defendant, for the protection of the rights of persons not in being and for its own protection, brought this case here for an authoritative decision.

In the trial below we find

No error.