S. S. KIRKLAND, R. S. KIRKLAND AND BESSIE KIRKLAND v. JENNIE
MAE COUCH DECK AND HUSBAND, ALBERT E. DECK.

(Filed 19 December, 1947.)

**Trusts § 26: Deeds § 6½——**

A voluntary conveyance of property in trust to named beneficiaries for
life with contingent limitation over to persons not *in esse*, is revoked as
to such contingent limitation by proper deed executed by the trustee and
surviving trustors within six months after the effective date of Ch. 437,
Session Laws 1943, the deed of revocation being executed prior to the
happening of the contingency upon which the limitation over was to vest.
G. S., 39-6.

APPEAL by defendants from *Bone, J.,* at October Term, 1947, of
ORANGE. Affirmed.

Plaintiffs sought recovery on a note given for the purchase of land.
Defendants resisted on the ground of defect of plaintiffs' title to the land,
growing out of an attempted revocation of a trust heretofore created in
the land. The case was heard below on an agreed statement of facts,
which may be summarized as follows:

In 1908 John B. Kirkland, James W. Kirkland, Hallie Kirkland,
Bessie Kirkland, R. S. Kirkland, and S. S. Kirkland, owners of the land
as tenants in common, joined in a voluntary conveyance to S. Strudwick,
Trustee, in trust "for the use and benefit of Hallie Kirkland and Bessie
Kirkland during the terms of their natural lives, and at their death then
said trustee is to convey to the other parties of the first part or the chil-
dren of such as may be dead who shall take as their parents would have
done if living." John B. Kirkland, James W. Kirkland and Hallie
Kirkland are dead, intestate and without issue. The three remaining
grantors in the trust conveyance have no children. On 25 March, 1943,
the trustee, desiring to be relieved of the trust, and the grantors desiring
to revoke it, executed deed to R. S. Kirkland, S. S. Kirkland and Bessie
Kirkland, the only surviving grantors in the trust conveyance, revoking
the trust in the land and reconveying it to the same persons who would
otherwise have been entitled under the trust and under the canons of
descent. The surviving grantors joined in the deed revoking the trust,
and signified their acceptance of its termination. This deed was duly
recorded 26 March, 1943.

Judgment was rendered that plaintiffs' title was good, and that they
recover of defendants the amount of the note. Defendants appealed.

*Bonner D. Sawyer for plaintiffs, appellees.*
*L. J. Phipps for defendants, appellants.*

DEVIN, J.   The North Carolina statutes granting power of revocation of voluntary conveyances of property in trust in which there are contingent limitations over to persons not *in esse,* were brought forward in General Statutes as section 39-6.   This statute permits the grantor in a voluntary conveyance in which some future interest in real property is conveyed or limited to a person not *in esse,* before such person comes into being, to revoke by deed the interest so conveyed.   The statute also declares that "the grantor, maker or trustor who has heretofore created or may hereafter create a voluntary trust estate in real or personal property for the use and benefit of himself or of any other person or persons *in esse* with a future contingent interest to some person or persons not *in esse* or not determined until the happening of a future event, may at any time, prior to the happening of the contingency vesting the future estates, revoke the grant of the interest to such person or persons not *in esse* or not determined by a proper instrument to that effect."   The statute was made inapplicable to trusts thereafter created which were expressly stated to be irrevocable, and it was further provided "that this section shall not apply to any instrument heretofore executed whether or not such instrument contains express provision that it is irrevocable unless the grantor, maker or trustor shall within six months of the effective date of this proviso either revoke such future interest, or file with the trustee an instrument stating or declaring that it is his intention to retain the power to revoke under this section."   The proviso last quoted was added by Chap. 437, Session Laws 1943, which was ratified 4 March, 1943. The deed of revocation in the case at bar was executed 25 March, 1943, and recorded the following day, within the six months period prescribed by the Act.

The statute in which the several acts on the subject are codified as G. S., 39-6, was recently considered by this Court and its constitutionality, history and effect discussed in the opinion written for the Court by *Justice Seawell* in *Pinkham v. Mercer,* 227 N. C., 72, 40 S. E. (2d), 690. The statute, before the amendment of 1943, was also considered and given effect in *MacMillan v. Trust Co.,* 221 N. C., 352, 20 S. E. (2d), 276; *MacRae v. Trust Co.,* 199 N. C., 714, 155 S. E., 614; *Stanback v. Bank,* 197 N. C., 292, 148 S. E., 313.

It may be noted also that the trust conveyance covering the land which is the subject of the present action was voluntary and contained no provision against revocation.

The judgment of the Superior Court is
Affirmed.