CITY OF WASHINGTON v. GLADYS ELLSWORTH, MADELINE E. EDENS AND HUSBAND, FRANCIS L. EDENS; H. KIRKWOOD ELLSWORTH AND WIFE, LOUISE ELLSWORTH; DORNTON G. ELLSWORTH AND WIFE, NAOMI L. ELLSWORTH; MARELYN GREENE AND HUSBAND, GEORGE C. GREENE, JR.; JOHN H. BONNER. TRUSTEE; REBECCA V. ELLSWORTH, LEE SHAMBURGER ELLSWORTH, REBECCA HARVEY ELLSWORTH, CAROL WINN ELLSWORTH.

(Filed 21 September, 1960.)

1. Trusts § 26—

A voluntary trust is revocable when it is created for the benefit of trustor or some person *in esse* with a future contingent interest limited to some person not *in esse* or not determinable until the happening of a future event, G.S. 39-6, but even so, it is revocable only as to the interest of persons not *in esse* or not determinable at the time the instrument of revocation is executed, and is not revocable as to vested interests of persons *in esse* unless they join in executing the instrument of revocation.

2. Same—

A voluntary trust provided that the corpus, after the termination of the life estates, should be distributed *per stirpes* to the children or the representatives of deceased children of one of the life tenants. The trustor and the life tenants executed an instrument purporting to revoke the trust as to one of the ultimate beneficiaries then *in esse* so that the entire property would go to the other beneficiaries and their heirs as designated in the original instrument. *Held:* The interest of the beneficiary was vested, and therefore the revocation was ineffectual under G.S. 39-6.

3. Same—

Where the trustor in a voluntary trust reserves the right to sell or dispose of the property with the written consent of the life beneficiary and the trustee, such right is limited to the power to dispose of the property in furtherance of the purpose for which the trust was established, and contemplates an actual *bona fide* sale for an adequate consideration, and does not empower the trustor to modify the trust by revoking the vested interest of one of the ultimate beneficiaries for the benefit of the other beneficiaries.

RODMAN, J. took no part in the consideration or decision of this case.

APPEAL by respondents Rebecca V. Ellsworth, Lee Shamburger Ellsworth, Rebecca Harvey Ellsworth, and Carol Winn Ellsworth, from *Paul, J.,* at Chambers, in Washington, North Carolina, 16 May 1960. From BEAUFORT.

The City of Washington brought a condemnation proceeding against all of the heirs at law of W. H. Ellsworth and wife, Alice T. Ellsworth, condemning certain lands for the use of the petitioner. There is no controversy with respect to the regularity or validity of the condemnation proceeding but only as to whether the judgment correctly adjudged and directed the proper distribution of the proceeds derived from the condemnation of the lands described in the petition.

In order to understand the question with respect to the distribution of the damages assessed and paid by the petitioner for the condemned lands, two trust instruments must be construed. The first instrument, dated 11 May 1939, from Gladys A. Ellsworth to John H. Bonner, Trustee, conveys the property in question in trust for the following uses and purposes and none other:

(1) To hold the property for the use and benefit of W. H. Ellsworth for and during the term of his natural life.

(2) After the death of said W. H. Ellsworth (who is now deceased), to hold the property for the sole use and benefit of Gladys A. Ellsworth, for and during the term of her natural life or until she should marry. Upon the death or marriage of said Gladys A. Ellsworth, the trustee will hold said property to the use and benefit of all the children and representatives of any deceased children of W. H. Ellsworth and wife, Alice T. Ellsworth, *per stirpes,* share and share alike. Upon the happening of these contingencies, the trustee will convey the legal title to the said property to all of the heirs at law of the said W. H. Ellsworth and Alice T. Ellsworth.

(3) In the event Gladys A. Ellsworth deems it advisable to sell or dispose of the property, then the right of alienation is expressly reserved to the life tenants and trustee and they "may sell and fully convey in fee simple with no liability to the remaindermen or heirs at law of W. H. Ellsworth and Alice T. Ellsworth."

The second instrument, executed on 29 January 1946 by Gladys A. Ellsworth and W. H. Ellsworth to John H. Bonner, Trustee, recites: (1) the execution of the first instrument; (2) the reservation of the right of alienation to the life tenants; and (3) the desire of the life tenants "to restrict the final disposition of the remainder interests" in the property so as to exclude therefrom William T. Ellsworth, his heirs and assigns, because William T. Ellsworth received property from W. H. Ellsworth by deed dated 14 May 1937

(note that this transaction occurred two years prior to the execution of the first trust instrument). William T. Ellsworth is now dead, and the appellants herein are his widow and his three minor children.

The second instrument purports to reform the first instrument so that the property shall be held as follows: (1) For the use of the same designated life tenants; (2) then to be held for the use and benefit of only four of the children of W. H. Ellsworth and wife, Alice T. Ellsworth; to wit, Mary Lillian E. Smith, Madeline E. Edens, H. Kirkwood Ellsworth and Dornton G. Ellsworth, or their heirs; and (3) excepting and excluding any remainder interest conveyed to William T. Ellsworth, his heirs and assigns, by the original trust agreement. Both of the foregoing instruments were duly registered.

The court below upheld the exclusion and directed that the $20,000 received from the condemnation of the property involved herein should be invested for the benefit of Gladys A. Ellsworth for the term of her natural life or until she marries, and upon her death or marriage such funds shall be distributed in equal proportions to the four above-named children of W. H. Ellsworth and wife, Alice T. Ellsworth, or their heirs.

The respondents, Rebecca V. Ellsworth, widow of William T. Ellsworth, and the minor children of William T. Ellsworth, to wit, Lee Shamburger Ellsworth, age 12, Rebecca Harvey Ellsworth, age 9, and Carol Winn Ellsworth, age 7, by their duly appointed guardian *ad litem*, W. P. Mayo, excepted to the foregoing judgment and appealed, assigning error.

*Robert W. Arnold, Jr., Waverly, Virginia; Allsbrook, Benton & Knott for appellants.*
*Rodman & Rodman for appellees.*

DENNY, J.  The first question for determination on this appeal is whether the trustor, an appellee herein, revoked the interest of William T. Ellsworth and his heirs and assigns by the execution and registration of the instrument dated 29 January 1946, the pertinent parts of which are hereinabove set out.

Those parts of G.S. 39-6 pertinent to the present inquiry are as follows: "The grantor, maker or trustor who has heretofore created or may hereafter create a voluntary trust estate in real or personal property for the use and benefit of himself or of any other person or persons *in esse* with a future contingent interest to some person or persons not *in esse* or not determined until the happening of a

future event may at any time, prior to the happening of the contingency vesting the future estates, revoke the grant of the interest to such person or persons not *in esse* or not determined by a proper instrument to that effect * * *."

In the case of *MacRae v. Trust Co.*, 199 N.C. 714, 155 S.E. 614, *Stacy, C. J.*, speaking for the Court, stated: "To bring a case within the terms of this statute, it should appear: First, that the trust is a voluntary one; second, that it was created for the benefit of the trustor, or some person *in esse*, with a future contingent interest limited to some person not *in esse*, or not determinable until the happening of a future event; and, third, that if the instrument creating the trust has been recorded, the deed of revocation has likewise been recorded. *Stanback v. Bank*, 197 N.C. 292, 148 S.E. 313."

There can be no serious question that the trust created by the instrument dated 11 May 1939 was a voluntary one. *Stanback v. Bank, supra.* On the other hand, there can be no doubt about the fact that William T. Ellsworth was *in esse* when the original trust instrument involved herein was executed.

The motion in the court below requesting the court to include the minor appellants as distributees, states that W. H. Ellsworth and his wife, Alice T. Ellsworth, both of whom are dead, were the parents of six children, namely: Dornton G. Ellsworth; H. Kirkwood Ellsworth; Madeline E. Edens; Gladys A. Ellsworth; Mary Lillian E. Smith (she and her husband are both dead), survived by a daughter, Marelyn S. Greene; and William T. Ellsworth (who is dead), survived by his widow, Rebecca V. Ellsworth, and three minor children, Lee Shamburger Ellsworth, Rebecca Harvey Ellsworth and Carol Winn Ellsworth.

The second trust instrument describes William T. Ellsworth as the nephew of Gladys A. Ellsworth and the grandson of W. H. Ellsworth. Even so, the record supports the view that the William T. Ellsworth whose interest was sought to be withdrawn by the second agreement was *in esse* when each of the trust instruments was executed and was a beneficiary under the provisions of the original trust instrument.

Therefore, we hold that, under the provisions of the original trust instrument, the interest of William T. Ellsworth was a vested interest at the time the trustor sought to withdraw his interest in the property involved herein. *Priddy & Co. v. Sanderford*, 221 N.C. 422, 20 S.E. 2d 341.

G.S. 39-6 gives the trustor no right to withdraw a vested interest

in property held by one who was *in esse* when the trust was created, but only to withdraw a future contingent interest to some person or persons not *in esse* or not determinable until the happening of a future event. Moreover, the second instrument does not purport to withdraw a contingent interest to persons not *in esse* at the time of the execution of the first or second instruments, but only to withdraw the interest of "William T. Ellsworth, his heirs or assigns."

Consequently, we hold that the second instrument purporting to withdraw the interest of William T. Ellsworth and his heirs and assigns was unauthorized by the original trust instrument or by the provisions of G.S. 39-6. *Mackie v. Mackie,* 230 N.C. 152, 52 S.E. 2d 352.

The appellees further contend, however, that since Gladys A. Ellsworth reserved the right "to sell or dispose" of the property involved, with the written consent of W. H. Ellsworth and with the written consent or joinder of John H. Bonner, the Trustee, she had the right to convey the property involved to "Mary Lillian Smith, Madeline E. Edens, Kirkwood Ellsworth and Dornton Ellsworth, as well as any other person." Hence, they contend that the instrument dated 29 January 1946 was the equivalent of a deed to the above-named children of W. H. Ellsworth and his wife, Alice T. Ellsworth. We do not concur in this view. The original instrument contained no provision reserving the right to revoke or modify the trust provisions created therein, it only reserved the right of the trustor with the consent of those parties above-named "to sell or dispose" of the property described in the instrument.

In Scott on Trusts, Vol. III, Second Edition, section 330.1, at page 2394, it is said: "Where the creation of a trust is evidenced by a written instrument which purports to include the terms of the trust, and there is no provision in the instrument expressly or impliedly reserving to the settlor power to revoke the trust, the trust is irrevocable."

The last cited authority, section 331, at page 2413, states: "The same principles are applicable to the modification of a trust as are applicable to the revocation of a trust. If the settlor does not by the terms of the trust reserve a power to alter or amend or modify it, he has no power to do so."

The mere reservation of a power to sell or dispose of property included in a trust, only reserved the right to sell or dispose of such property in furtherance of the purposes for which the trust was established. *Spring Green Church v. Thornton, Trustees,* 158 N.C. 119, 73 S.E. 810.

In our opinion, the reserved power "to sell or dispose" of the property described in the trust instruments involved herein, contemplated an actual *bona fide* sale made for an adequate consideration in order to carry out the purposes of the trust and did not authorize the trustor to make a gift of the property or to sell it for a nominal consideration. *Taylor v. Phillips*, 147 Ga. 761, 95 S.E. 289, and cited cases.

In the last cited case, the property was conveyed in trust for the use of the grantor and his family for the life of the grantor and his wife and at the death of the survivor to be equally divided among the children of the grantor, the representatives of any deceased children taking the share to which its deceased parent would have been entitled. The trust provided further that the trustee "shall, upon the written request of" the wife of the grantor "sell and convey the said lots and premises to such person and on such terms as she may direct, and the receipt of the" wife "for the said purchase-money shall be a complete discharge to the said" trustee "of all liability for the same." The wife, who survived the grantor, executed a deed to a child of a deceased daughter conveying part of the trust property in consideration for the love and affection and appreciation which the wife had for the grandchild. The Court held that such a deed was an improper exercise of the power given to the wife in the original trust instrument and that the original trust instrument did not give the wife power to make a gift of the land. It held that the trust instrument created life estates in the wife and grantor with a vested remainder in the children. The Court said: "The remainder so created was subject to be divested only under circumstances stated in the paper, namely, by sale by the trustee, at the written request of the wife. The sale contemplated was an actual *bona fide* sale made upon a valuable consideration. It was not contemplated that the life estates reserved to the grantor and his wife, or the vested remainder, should be defeated by a mere gift, or a conveyance upon a nominal valuable consideration."

In view of the conclusions we have reached and the authorities cited herein, we hold that upon the death or marriage of Gladys A. Ellsworth, the principal now held for investment by the Clerk of the Superior Court of Beaufort County, North Carolina, for the benefit of Gladys A. Ellsworth, pursuant to the judgment of his Honor, Judge Paul, filed in the office of said Clerk on 16 May 1960, shall be distributed as follows: one-fifth each to Dornton G. Ellsworth, H. Kirkwood Ellsworth, Madeline E. Edens and Marelyn S.

Greene, and one-fifteenth each to Lee Shamburger Ellsworth, Rebecca Harvey Ellsworth and Carol Winn Ellsworth, or their respective heirs at law.

The judgment of the court below is modified to the extent hereinabove set out.

Modified and affirmed.

RODMAN, J. took no part in the consideration or decision of this case.